HAY et al. v. BEHRENS DRUG CO.
(No. 6108.)

(Court of Civil Appeals of Texas. Austin.
July 5, 1919. Rehearing Denied
Oct. 8, 1919.)

1. FRAUDULENT CONVEYANCES ☞182(5)—ON ILLEGAL SALE IN BULK BUYER LIABLE FOR DEBTS OF SELLER.

Under the Bulk Sales Law, as amended by Acts 34th Leg. c. 114 (Vernon's Ann. Civ. St. Supp. 1918, art. 3971), a purchaser of a stock of goods in bulk in violation of the statutory requirements is personally liable for the debt of the seller of the goods, not being subject only to garnishment, as he becomes a trustee or receiver.

2. FRAUDULENT CONVEYANCES ☞182(1) — BUYER AT ILLEGAL BULK SALE DISPOSING OF GOODS LIABLE TO CREDITOR.

The purchaser of a stock of goods in violation of Bulk Sales Law, as amended by Acts 34th Leg. c. 114 (Vernon's Ann. Civ. St. Supp. 1918, art. 3971), who disposes of the goods and places them beyond the reach of the seller's creditor by garnishment, attachment, or other process, becomes personally liable to the creditor, whatever his liability if he had continued to hold the goods.

3. FRAUDS, STATUTE OF ☞18(3)—PROMISE OF REMOTE PURCHASER TO PAY ORIGINAL SELLER'S DEBT ENFORCEABLE.

Where remote purchaser of stock and fixtures promised to pay original seller's debt, which promise was part consideration for transfer to remote purchaser by his immediate seller, the stock of goods and fixtures, under the Bulk Sales Law, as amended by Acts 34th Leg. c. 114 (Vernon's Ann. Civ. St. Supp. 1918, art. 3971), being a trust fund for creditors, such remote purchaser's promise was not within the statute of frauds, being supported by consideration, and constituting a promise by the purchaser to pay his own debt, enforceable by the creditor.

Appeal from McLennan County Court; James P. Alexander, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit by the Behrens Drug Company against R. E. Hay, L. A. Bletch, and another. From judgment for plaintiff, defendant Bletch appeals. Affirmed.

E. W. Bounds, of Marlin, for appellant. Nathan Patten, of Waco, for appellee.

BRADY, J. This suit was filed by appellee in the justice court, precinct No. 1, of McLennan county, Tex., on an account for the sum of $171.33, for merchandise sold to R. E. Hay. It was alleged that Hay sold his business and stock in bulk to W. C. Reddell, who promised and agreed to pay the account of appellee; that Reddell thereafter, and in about two weeks, sold the business to the appellant, L. A. Bletch, who, in turn, promised and agreed as a part of the consideration to pay the debt of appellee. It was averred that the provisions of the Bulk Sales Law (Rev. St. arts. 3971–3973) were not complied with by either R. E. Hay in the sale to Reddell, nor in the sale by Reddell to L. A. Bletch, and that the promises to pay the debt of appellee were expressly made for its use and benefit.

Appellant, L. A. Bletch, pleaded in abatement that he was not a proper party to the suit, and could not be held individually liable for a violation of the Bulk Sales Law, but could only be held in garnishment. He also pleaded failure of consideration and the statute of frauds, and alleged that Hay had sold the stock of goods to Reddell and took $500 worth of negotiable promissory notes therefor; that Hay had sold the notes to his brother, Albert Bletch, before maturity and for value; and that Albert Bletch, in turn, sold the notes to appellant before maturity and without notice of any indebtedness against the stock, and that he took the stock and fixtures from Reddell at his request, and only as a last resort to collect his notes.

Judgment was rendered in the justice court for appellee against all the defendants, R. E. Hay, W. C. Reddell, and L. A. Bletch, and with judgment over in favor of Hay against Reddell, and in favor of Reddell against L. A. Bletch, and for cancellation of a note then outstanding. On appeal the case was tried in the county court without a jury, and a similar judgment rendered in favor of appellee, from which L. A. Bletch has appealed.

### Findings of Fact.

The trial court filed the following findings of fact:

"(1) I find that the defendant R. E. Hay was engaged in business as a retail druggist in the town of Eddy, Tex.; that he purchased of and from plaintiff, Behrens Drug Company, certain goods, wares, and merchandise, and became indebted to it in the amount of the itemized verified account herein sued upon.

"(2) That the defendant R. E. L. Hay, during the early part of January, 1918, took charge of said business as the agent of and for his son, R. E. Hay; that on or about January 25, 1918, R. E. L. Hay, acting with authority as such agent, and for and upon behalf of R. E. Hay, sold said stock of merchandise and fixtures, etc., to the defendant W. C. Reddell, who in payment therefor executed a series of five notes, payable to R. E. Hay, aggregating the sum of $500, and agreed and promised as a part of the consideration for such transfer to pay off and discharge the indebtedness due by R. E. Hay to Behrens Drug Company, in the sum of $171.33.

"(3) That the notes in question were by the said R. E. Hay transferred and delivered without recourse to one Albert Bletch, who, in turn, sold and assigned same to the defendant L. A. Bletch for value and before maturity.

"(4) That on or about the 10th day of February, 1918, the defendant W. C. Reddell sold and delivered said stock of merchandise and fixtures to the defendant L. A. Bletch; the consideration being the cancellation and delivery of said notes aggregating the sum of $500, and the express promise of the defendant L. A. Bletch to pay off and discharge the indebtedness due plaintiff, Behrens Drug Company; that the defendant L. A. Bletch immediately went into possession of said merchandise and fixtures and disposed of same.

"(5) That the stock of merchandise and fixtures, at the time of the respective sales, were of the reasonable value of between $1,000 and $1,400; that at the date of the sale and transfer from Reddell to Bletch none of the notes in question were due.

"(6) I further find that neither the defendant W. C. Reddell nor L. A. Bletch demanded or received from their respective transferror a written list of names and addresses of the creditors of such seller or transferror, with the amount of indebtedness due and owing to each and certified by the seller or transferror under oath to be a full, accurate, and complete list of his creditors and of his indebtedness, and that neither did, at least 10 days before taking possession of such merchandise and fixtures, or paying therefor, notify personally or by registered mail any of the creditors, nor plaintiff, Behrens Drug Company, of the proposed sale, of the price, terms, and conditions thereof, as required by articles 3971 and 3972 of the Revised Statutes of 1911, state of Texas, as amended by the Acts of the Regular Session of the Thirty-Fourth Legislature, and commonly known as the 'Bulk Sales Law,' nor in any other way attempt to comply with the Bulk Sales Law."

These findings are supported by the evidence.

The court also filed the following conclusions of law:

"(1) That the respective sales or transfers were null and void under the terms of articles 3971 and 3972 of the Revised Civil Statutes of 1911, as amended, and that the defendants W. C. Reddell and L. A. Bletch became receivers and are to be held accountable to creditors for all goods, wares, and fixtures that went into their possession by virtue of such sale or transfer.

"(2) That the defendants W. C. Reddell and L. A. Bletch having taken charge of said merchandise and fixtures, without complying with

the terms of the above enumerated statutes, and disposed of same, the value of which was far in excess of the plaintiff's claim, the plaintiff is entitled to recover as against them the full amount of its said claim.

"(3) That the defendants W. C. Reddell and L. A. Bletch are each liable to the plaintiff for the full amount of its claim upon the express promises of each, respectively, to pay off and discharge the claim of plaintiff; said promises having been made for the use and benefit of the plaintiff.

"(4) That judgment should be rendered against the defendants R. E. Hay, W. C. Reddell, and L. A. Bletch, jointly and severally, for the full amount of plaintiff's claim, with 6 per cent. per annum interest from date of judgment and all costs; the case having been appealed by defendant Bletch from justice court; that judgment should also be rendered in favor of plaintiff against the sureties, as such, on the appeal bond of defendant Bletch; that defendant W. C. Reddell should have his judgment over and against defendant Bletch, and the sureties on his appeal bond, for any amount he may be compelled to pay hereon, and that the sureties on said appeal bond should have judgment against defendant Bletch for any amount they may be forced to pay herein; that the defendant R. E. L. Hay should go hence without day and recover his costs in this behalf expended, and judgment has been accordingly so entered —to all of which defendant L. A. Bletch, in open court, excepts and gives notice of appeal to the honorable Court of Civil Appeals for the Third Supreme Judicial District of Texas, at Austin, Texas."

### Opinion.

Appellant, in his first assignment of error, challenges the court's fourth finding of fact, because the same is not supported by the evidence. The evidence upon this issue is conflicting, but there is evidence in the record to support the finding. In appellee's brief the statement under the first counter proposition contains evidence quoted from the statement of facts sufficient to sustain this finding of the trial court; therefore the assignment is overruled.

The second and third assignments of error present substantially the point that, if appellant and the previous transferrors violated the provisions of the Bulk Sales Law, the sales were void, and that neither appellant nor the others violating such law could be held personally liable for the payment of appellee's debt, but would be subject, if at all, to garnishment. In other words, the claim is made that if the statute was violated the pretended sales were void, and that no title passed thereby, and in effect there was merely a change of possession. Several authorities are cited to sustain the point that garnishment is the proper and appropriate remedy in such case. Upon examination of these cases we find that they were either decided prior to the amendment of the Thirty-Fourth Legislature, or that they involved and construed only the provisions of article 3971, Revised Statutes, as they existed prior to the amendment of 1915.

By chapter 114, Acts 34th Leg. p. 171 (Vernon's Ann. Civ. St. Supp. 1918, art. 3971), article 3971 was amended so as to include for the first time the following language:

"Any purchaser or transferee who shall not conform to the provisions of this act shall, upon application of any of the creditors of the seller or transferror, become a receiver and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

This amendment was in force at the time of the transaction involved in this case, and must control the decision of this question, and not the provisions of the old law.

[1, 2] Under the findings of the trial court, it was shown that neither L. A. Bletch, nor his vendor, nor the original seller, complied with the requirements of the Bulk Sales Law as to demanding and receiving a list of creditors, and notice to creditors at least 10 days before taking possession of the stock of merchandise. It was further shown that L. A. Bletch took immediate possession of the stock and fixtures upon the sale to him by Reddell, and that he disposed of the same. We think the effect of the amendment is to constitute a purchaser or transferee, not conforming to the requirements of the statute, a receiver or trustee for creditors, and accountable to them for merchandise and fixtures coming into their possession. Whatever may be the rule, where the purchaser or transferee still holds the goods, it is clear that when he has disposed of them, and placed them beyond the reach of a creditor by garnishment, attachment, or other process, he is personally liable to the creditor. He is, under such circumstances, a converter of the property, and if the converted property is equal in value or in excess of the creditor's claim he is subject to a personal judgment for the entire debt. Any other rule would deprive creditors of the benefits of the statute, which was plainly amended for their express benefit. It follows that the assignments raising this question must be overruled.

[3] The fourth assignment is to the effect that the court erred in rendering judgment against appellant upon the ground that he had assumed the debt of appellee, because appellant pleaded the statute of frauds and failure of consideration, in bar of any promise to pay its debt. Under the findings of the court, there was an express promise of Bletch to pay the debt of Hay to appellee, which was a part of the consideration for the transfer of the stock and fixtures to appellant by Reddell. Under these circumstances, and the stock of goods and fixtures under the statute being a trust fund for the benefit of creditors, including appellee, we

do not regard the promise in question as being within the statute of frauds. There was not only a sufficient consideration for the promise, but, under the circumstances of this case, it was in effect a promise by appellant to pay his own debt. Under the rule in this state, such a promise does not fall within the statute, and may be enforced by the third party for whose use and benefit it was made. Gay v. Pemberton, 44 S. W. 400; Spann v. Cochran, 63 Tex. 240; McCown v. Schrimpf, 21 Tex. 22, 73 Am. Dec. 221; Simpkins on Contracts, 391.

The authorities cited by appellant are not in point, because the facts in each case show merely a collateral promise, without a sufficient consideration, and not in effect constituting a promise to pay the debt of the promisor himself.

All assignments have been considered, and, finding no reversible error, the judgment is affirmed.

Affirmed.