MORRIS FRANK, as Receiver, Appellant, *v.* RUDOLPH C. VON BAYER and Another, Respondents.

First Department, May 4, 1923.

Fraudulent conveyances — judgment creditor's action by receiver in supplementary proceedings to set aside fraudulent transfer by judgment debtor to his wife — bank account and other assets transferred by judgment debtor — assignment was not valid as assignment for benefit of creditors — transfer was fraudulent — wife is liable for value of property transferred.

In an action by a receiver in supplementary proceedings to set aside alleged fraudulent transfers by the judgment debtor, it appeared that on the same day a judgment was entered in the action in which the receiver was appointed, the judgment debtor notified his bank to transfer his account to his wife's name and the wife directed the bank to charge her husband's outstanding checks against the transferred account and thereafter money received by the judgment debtor was turned over to his wife, but while the wife had the possession of the money the judgment debtor directed its use. The judgment debtor claimed that the assignment was one for the benefit of creditors among whom was his wife who had advanced money to him for many years past and that the money so transferred to her was used in paying expenses of his business and past indebtedness.

*Held,* that the assignment was not a valid assignment for the benefit of creditors since the statutory requirements were not complied with and the judgment debtor retained for himself a benefit at the expense of his creditors in that he continued to control the disposition of his assets.

The evidence shows that the wife knew that the transfer was with the intent to defraud the creditors of her husband or at least had knowledge of facts sufficient to put her upon inquiry and she was not, therefore, a *bona fide* purchaser. She was not a purchaser for a valuable consideration since a transfer by an insolvent debtor to a creditor as security for an antecedent debt does not make the grantee a purchaser for a valuable consideration where the creditor taking the property advances nothing and at the time relinquishes no security then held and suspends no remedy upon the debt.

The liability of the wife is not limited to an accounting for the amount which she retained in her possession but equity will follow the proceeds of the property fraudulently transferred and will hold the fraudulent transferee liable under a money judgment for the value of the property even though it has been sold or dissipated.

APPEAL by the plaintiff, Morris Frank, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 2d day of August, 1922, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint on the merits.

*Russel W. Leary,* for the appellant.

*Hauff & Warland* [*Francis H. Warland* of counsel], for the respondents.

McAvoy, J.:

This is a judgment creditor's action, brought by a receiver appointed in supplementary proceedings, to set aside alleged fraudulent transfers by the judgment debtor, the defendant Rudolph C. Von Bayer, to his wife, the defendant Lora V. Von Bayer.

The Standard Oil Company obtained a judgment in the City Court for $1,302.87 November 25, 1919. On the same day this judgment was entered the defendant Rudolph C. Von Bayer notified his bank to transfer his account to his wife's name and the wife directed the bank to charge the husband's outstanding checks against the transferred account. The balance then in the bank was $134.42. The outstanding checks were for $592.18. Two of these, amounting to $311.82, the wife had been holding for some time.

The principal business in which the defendant was then engaged was the sale for one Lampton of an Oklahoma oil lease and the formation of a company to take over the lease.

The same day that the judgment was entered the defendant telegraphed Lampton to hurry along the money due him on the oil deal, and on December seventh and twenty-second the sum of $3,100 in installments was sent him. Two thousand five hundred dollars of this was deposited to the theretofore transferred account in the wife's name.

Substantially all the business income of defendant was also put into this account up to the receiver's appointment on January 7, 1920. The aggregate sum deposited from the transfer to the appointment of the receiver was $4,576.61, of which $3,317.69 was concededly the proceeds of the husband's income. The husband claimed that these funds were disbursed by the wife, for current expenses of his business $559.32, a withdrawal by her of $1,386.87, and living expenses for the month of $300, and the balance was made up by redeposits of checks and payments for the husband's past indebtedness. The defendants claim a valid assignment on the ground that the husband was indebted to the wife for something like $6,000 for moneys advanced from time to time for twelve years then past, and for more recent advances, the amount of which at highest claim was for $1,390. There was no present consideration for the transfer other than an agreement to use the funds in accordance with an understanding between herself and her husband. Some of the funds were used for office expenses of the husband thereafter accruing, and not incurred at the time of the transfer, some for living expenses for herself and husband, some for payment of business debts already due and for the repayment to her for the more recent advances in connection with the Lampton deal. This method of diverting assets from

himself to his wife by her to be used under his direction, the trial court held a valid assignment for the payment of creditors, which was honestly carried out and could not be revoked. This seems to have been an erroneous conclusion from the proven facts.

The fraud of the defendant is indicated by these considerations. The transfers were made while two suits were pending against defendant. During their pendency he secured extensions and postponed judgment upon the suits until the last of the transfers was completed. He divested himself of every asset available to meet the claims of the suing creditors. He was insolvent when the transfers were made. The transaction was had entirely with a relative, his wife. No consideration was paid, other than past advances, which were not proven with that clearness upon which good faith may be founded in a transaction of this kind. The wife either knew, or was put on such inquiry as would have led her to knowledge of the husband's insolvency before the transfers were made. The debtor continued, after the transfers, to control the disposition and payment out of the funds transferred.

Every check which the defendant received from his business deals after the transfer of the bank account to his wife and the entry of judgment was cashed before putting the proceeds thereof in the bank in his wife's name. The attempt to account for the disposition of the funds at the trial is quite diverse from the testimony given in supplementary proceedings on the judgment of the City Court contemporaneous with the events and gives no basis for any other conclusion than that the defendant was fraudulently attempting to conceal from the creditors the origin and disposition of funds which he had acquired.

The two things necessary to be shown to avoid the effect of a fraudulent transfer by the transferee is that she paid a valuable consideration for the transfer to the debtor and that she had no notice of the fraud or knowledge of facts sufficient to put her on inquiry. There can be no finding here within the evidence that there was a valuable consideration paid by the wife, nor do I understand from the court's opinion that it was his intent to so find. The findings themselves are in confusion in this respect, because at defendant's request there is a finding that the transfer of the Chase National Bank account and the moneys procured from the Lampton transaction was for a valuable consideration, but upon plaintiff's request to find the court found that the transfers were without any consideration whatever, except the agreement by the wife to use the said funds in accordance with the understanding between her husband and herself. Transfers by an insolvent debtor to a creditor as security for an antecedent debt do not

make the grantee a purchaser for a valuable consideration, where a creditor taking the property advances nothing and at the time relinquishes no security then held and suspends no remedy upon the debt. (*Lehrenkrauss* v. *Bonnell*, 138 App. Div. 493.) While the defendant's wife denied any knowledge of any actual fraud, or fraudulent intent upon her husband's part, nevertheless, the circumstances under which she received the transfers were such that knowledge must be imputed to her. She knew he had many debts and no assets to pay them, other than those which were transferred to her. She knew that the husband was insolvent at the time of the transfers; that he was overdrawn at the bank and had no money to meet the overdrafts or his office expenses or any carrying charges, and that if he did not get some money to carry him upon the oil deal, his work and the commission to be thence derived would be lost. She knew that in her own name at that time she had her husband's office furniture, the stock of the Fort Orange Oil Company and all the available funds with which he might pay these debts. These facts were sufficient to put her on inquiry as to the existence of some right or title in conflict with that which she was about to receive or purchase. The law presumes that she made the inquiry and ascertained the extent of the prior rights, or if she did not do so that she was guilty of such a degree of negligence as was fatal to her claim to be a *bona fide* purchaser. While this presumption may be repelled by proof that she failed to discover the prior rights, yet it was her duty to show an exercise of proper diligence on her part to endeavor to make such discovery. In view of the circumstances, I think that the evidence justifies a finding that the wife had actual knowledge of the fraud, notwithstanding her denial. But if she did not, the circumstances were such as to put her on inquiry, and reasonable diligence would have apprised her of it. Nor can the assignment be considered as a valid assignment for the benefit of creditors, because, *first*, the statutory requirements*\* to make such an assignment valid were not attempted to be complied with; and, *second*, the grantor retained for himself a benefit at the expense of his creditors, in that he continued to retain control of the assets through instructions as to the manner in which the funds should be disbursed. Such a transfer lacks the element of good faith, in that while it professes to be an absolute conveyance on its face, there is a concealed agreement between the parties, inconsistent with its terms, securing a benefit to the grantor at the expense of those he owes. (*Kain* v. *Larkin*, 4 App. Div. 209.)

---

* See Debtor and Creditor Law, art. 2, as amd. by Laws of 1914, chap. 360, and Laws of 1915, chap. 469.— [REP.

The liability of the transferee is not limited to an accounting for the amount or amount of property which she retained in her possession. Chancery will follow the proceeds of the property fraudulently transferred, even though it has been sold or dissipated, and hold a fraudulent transferee liable under a money judgment for the value of the property transferred. (*Valentine* v. *Richardt*, 126 N. Y. 272; *Skillin* v. *Maibrunn*, 75 App. Div. 588.)

The judgment should accordingly be reversed in so far as it refuses to set aside the transfer of the funds in the Chase National Bank and the moneys received in connection with the Lampton oil deal, and the action remitted to the Special Term to determine the costs and expenses of the receivership, which when added to the amount of the claim of the creditors here, shall be directed to be paid to the receiver to discharge the judgment. The findings inconsistent with this opinion are reversed and new findings of fact in conformity therewith will be made by this court.

CLARKE, P. J., DOWLING, SMITH and FINCH, JJ., concur.

Judgment reversed in so far as stated in opinion and the case remitted to the Special Term for further determination as therein stated. Settle order on notice.