ARNOLD GARDNER V. GOODNER WHOLESALE GROCERY COMPANY.

No. 3885.   Decided December 20, 1923.

(256 S. W., 911.)

**1.—Bulk Sales—Fraud—Pleading—Trust.**

The fraudulent purchaser of a stock of goods in contravention of the Bulk Sales Law (Rev. Stats., art. 3971) becomes a receiver thereof and accountable as such to the defrauded creditors.   (Pp. 425, 426).

**2.—Same—Proceedings.**

Under article 3971, Rev. Stats., the transferee in violation of the Bulk Sales Law may, without garnishment or supplementary proceedings, upon application of any creditor to a court of competent jurisdiction, be declared a trustee and receiver of the property, and required to account for it or for its value if converted, such property being then administered under direction of the court, as in case of other receiverships, for the benefit of all the creditors.   (Pp. 425-427).

**3.—Same—Personal Judgment—Pleading.**

See petition by a creditor attacking a transfer of the debtor's property to defendant in disregard of the Bulk Sales Law, not invoking administration of same as through a receivership, but seeking personal judgment for the debt against the assignee, which is held insufficient to warrant such personal judgment because not showing what property was so transferred, nor its value, nor the absence of other creditors entitled to share in the distribution.   (Pp. 427, 428).

Question certified from the Court of Civil Appeals for the Seventh District, in an appeal from Wichita County.

The Supreme Court referred the question to the Commission of Appeals, Section A, for its opinion thereon, and here adopts same as its answer.

*Ed. Yarborough,* for appellant.

Appellant can not be held personally liable for the debts of Bryant & Townsend and a personal judgment against him for such debts would be void. Bemery v. Sims, 145 S. W., 1076.

*Weeks, Morrow & Francis,* for appellee.

Under the bulk sales law as amended by the Acts of the 34th Legislature, Chapter 114 (Vernon Sayles, Annotated Civil Statutes, 1918 Sup., art. 3971) a purchaser of a stock of goods in bulk, in violation of the statutory requirements, is personally liable for the debts of the seller of the goods, as he becomes a trustee or receiver for the benefit of creditors of the seller.

MR. PRESIDING JUDGE GERMAN delivered the opinion of the Commission of Appeals.

This case comes to the Supreme Court on certificate from the Court of Civil Appeals at Amarillo. The certificate is as follows:

"The Goodner Wholesale Grocery Company brought suit in the County Court of Wichita County, Texas, against M. H. Townsend, W. S. Bryant and A. Gardner to recover the balance due for merchandise sold to M. H. Townsend and W. S. Bryant as partners. The plaintiff alleged that it sold the merchandise to Townsend and Bryant, who were doing a grocery business as partners; that thereafter Townsend sold his interest in such business to Bryant and then engaged in a separate business alone; that Townsend then sold this business to A. Gardner; that the sale by Townsend to Gardner was simulated and in fraud of Townsend's creditors. It was further alleged that the provisions of the Bulk Sales law were not complied with in either sale; 'that the said Gardner denies the rights of this plaintiff as against the stock and fixtures aforesaid and asserts his ownership of the property free from any claim, either against him or against said property, and he is made a party hereto for the purpose of decreeing such sale to be fraudulent and void and is likewise liable personally for the full amount of plaintiff's debt by virtue of the fact that he has appropriated said property to his own use and benefit, he being by the statutes made trustee or receiver for the benefit of plaintiff and other creditors of said Townsend.' The prayer is for judgment against all the defendants for plaintiff's debt and 'decreeing said sale to be void as against plaintiff,' and for general relief. The petition con-

tains no allegation as to the value of the property purchased by Gardner from Townsend.  An attachment was issued, but this was quashed, so that the judgment is not aided by attachment, garnishment or other process that would create a lien in plaintiff's favor on the property purchased and held by Gardner.  In the trial court a judgment was rendered in favor of the plaintiff against all the defendants named jointly and severally, from which judgment A. Gardner alone has appealed.

"We have held that the allegations of the petition did not furnish any basis for a personal judgment against Gardner, and reversed the judgment as to him.  The case is now pending in this court on motion for rehearing by appellee, who has also moved that in the event we adhere to our opinion as to the law, then we should certify the question on account of conflict between our decision and that of the Court of Civil Appeals for the Third District in the case of Hay v. Behrens Drug Co., 214 S. W., 942.

"Without determining whether there is such a conflict as would make it our absolute duty under the statutes to certify the question, we think that there would result from the two decisions such an uncertainty as to the meaning and effect of an important statutory law of the State as renders it expedient that we certify the question to your Honorable Court.

"We, therefore, certify to your Honorable Court for decision this question: Did we err in holding that the petition was insufficient to sustain the personal judgment against the defendant Gardner?"

Article 3971 Vernon's Texas Civil Statutes, which is known as the Bulk Sales Law, after declaring that sales or transfers in bulk of a stock of merchandise, under certain conditions, shall be void as against creditors, has this provision:

"Any purchaser or transferee who shall not conform to the provisions of this Act shall, upon application of any of the creditors of the seller or transferor, become a receiver and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

This provision was incorporated into the law by the amendment of March 23, 1915.  It seems that prior to the enactment of this provision the impression prevailed that in order to hold a purchaser of a stock of goods liable to creditors, when sale was in violation of the bulk sales law, it was necessary to proceed by garnishment or some like process.  It is wholly unnecessary to determine whether this was essential under the Act of 1909 or not, as we are of the opinion that it is not now required.  As shown by the decisions in other states having a similar law, the statute as now written was not intended to do away with proceedings by garnishment or other process, but was intended to furnish an additional remedy, more direct, effective and equitable to the various creditors, if more than one.  If it has ever

been necessary to resort to supplementary proceedings, we think such would not be necessary where the transferee claims ownership of the property in his own right. Henderson v. Mercantile Co., 48 Calif. App., 41, 191 Pac., 559, and authorities cited.

The liability of a purchaser of a stock of goods and fixtures in violation of the Bulk Sales Law is that of a receiver. Having taken the property subject to the rights of creditors, he becomes bound in equity to see that the property or its value is appropriated to the satisfaction of claims of the creditors of his seller. He becomes the trustee of an express trust and is subject to the same duties and liabilities of such a trustee. We think the law was intended to charge him with liability, however, only to the extent of the value of the property received by him, and this liability is to all of the creditors pro rata. As aptly stated by the Supreme Court of Arkansas in the case of Stuart v. Bank & Trust Co., 123 Ark., 285, Ann. Cases, 1918A, 268, 185 S. W., 263:

"The Bulk Sales Act does not make the person who fails to comply with its provisions liable for all the debts of the seller. It treats the sale as being void and the purchaser as being a receiver and his possession as being for the benefit of all the creditors. He is like any other receiver so far as his liability is concerned. He is responsible for the property purchased, but for that only. If he gets enough property to pay all the debts, he must pay all. If the property is not sufficient for that purpose he must pay the creditors pro rata as any other receiver would do."

It is now a universally recognized rule of law that a trustee who disposes of or converts to his own use trust property, placing it beyond the reach of the creditors, will be held personally liable therefor. As said by Pomeroy in his Equity Jurisprudence, Volume 3, page 2481:

"In addition to this claim of the beneficiary upon the trust estate as long as it exists, the trustee incurs a personal liability for a breach of the trust by way of compensation or indemnification, which the beneficiary may enforce at his election, and which becomes his only remedy whenever the trust property has been lost or put beyond his reach by the trustee's wrongful act. The trustee's personal liability to make compensation for the loss occasioned by a breach of the trust is a simple contract equitable debt." This rule has been applied in many cases arising under Bulk Sales Laws.

It will be noticed the statute provides that when a sale is void as against the creditors, the purchaser shall, "upon application of any of the creditors," become a receiver and be held accountable to the creditors for the property coming into his possession by virtue of the sale. By "application" we think is meant a formal application to a court of competent jurisdiction, containing allegations of the material facts as to the transaction involved, sufficient to invoke the equitable powers of the court, and to apprise the court and the pur-

chaser of a desire to have the receivership declared and the matter adjudicated as between the purchaser and the various creditors, in accordance with the rules usually governing in an ordinary receivership proceeding. While the petition is not as full and complete as it should be, yet we think it sufficient to authorize the court to consider Gardner as a receiver under the law and to assume jurisdiction to adjudicate the matter between the plaintiff and Gardner, as well as such other creditors as may have had claims of a like character.

Having jurisdiction of the cause and of the parties, the trial court, under proper pleadings, was authorized to require the purchaser to submit an accounting as to all of the property coming into his possession by virtue of the transfer. If the property had been disposed of, such an accounting should necessarily include information as to its value at the time it was received, as well as the amount received by him for the property disposed of. While primarily he would be liable for the actual value of the property, yet there might be circumstances that would limit his liability to the amount actually received by him for the property, if less than its actual value. (Stuart v. Bank & Trust Co., 185 S. W., 266.) If any property received by the purchaser by virtue of the transfer remained in his possession, the court would be authorized to order its sale. The court should then give notice to all creditors to file and prove their claims, as in an ordinary receivership proceeding, barring such claims as might not be filed within a given time. After ascertaining the full amount of the indebtedness due the creditors of the seller, and the per cent each was entitled to, the court should order. payment of all creditors pro rata from such funds as might be within the custody of the court; or in case of wrongful conversion, render such a personal judgment against the purchaser as the rights of the parties and all the circumstances of the case required.

We think the petition of plaintiff in this case was insufficient to require of the court to proceed as herein indicated. It should have at least contained sufficient specific requests as to clearly indicate to the court the course it was expected to pursue and a prayer that it proceed along the course indicated. To require less would be to substitute the voluntary action of the court for things which the law expects and requires every litigant to do for himself.

It is apparent from an inspection of the record in this case, which accompanies the certificate, that the trial court did not proceed in the trial of this case in the manner clearly contemplated by this statute. This is no doubt due to the fact that there has never been any practical construction of the law, so far as procedure is concerned, and is also due to the failure of the plaintiff to properly plead its case. No presumption can be indulged to the effect that the trial court found that there were no other creditors, or that Gardner received property of the value of plaintiff's demand, for the reason that there were no

proper allegations in the petition justifying such presumptions. In view of the failure of the trial court to adopt the proper procedure which we think was contemplated by the provision of the law quoted above, it would seem that the ends of justice would be met by remanding the case; and if the parties care to proceed further, opportunity be given for a repleading of the case, that the court may proceed along the lines and in accordance with the rules above suggested.

We will cite only a few of the many cases we have considered in arriving at the conclusions expressed herein: Hay v. Behrens Drug Co., 214 S. W., 940; Stuart v. Bank & Trust Co., 123 Ark., 285, Ann. Cases, 1918A, 268, 185 S. W. (Ark.), 226; Glenwood Drug Co. v. Morris-Morton Drug Co., 127 Ark., 296, 192 S. W., 224; Ledwidge v. Bank, 135 Ark., 420, 205 S. W., (Ark.), 808; Peters B. I. Shoe Co. v. Gunn, 121 Miss., 679, 83 So., 742; Raleigh Tire & Rubber Co. v. Morris, 181 N. C., 184, 106 S. E., 562; Sprinkle v. Wellborn, 140 N. C., 163, 3 L. R. A. (N. S.), 174, 111 Am. St., 827, 52 S. E., 666; Riley P. Oil Company v. Symmonds, 195 Mo. App., 111, 190 S. W., 1038; Mahoney-Jones Co. v. Sams Bros., 128 Tenn., 207, 159 S. W., 1094; Daly v. Sumpter Drug Co., 127 Tenn., 412, 155 S. W., 167; Friedman v. Branner, 72 Wash., 338, 130 Pac., 360; Frank v. Von Bayer, 205 App. Div. 298, 199 N. Y. Supp., 505.

We therefore answer the question propounded as follows:

The Court of Civil Appeals did not err in holding that the petition was insufficient to sustain a personal judgment against the defendant Gardner.

The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.

C. M. CURETON,<br>Chief Justice.