## WHITE v. SIBLEY.

### No. 2792.

Court of Civil Appeals of Texas. El Paso.
March 2, 1933.

Rehearing Denied April 20, 1933.

J. F. McKenzie, of El Paso (on appeal only), Howell Johnson and W. C. Jackson, both of Fort Stockton, for plaintiff in error.

W. A. Hadden, of Fort Stockton, for defendant in error.

WALTHALL, Justice.

On July 3, 1931, D. J. Sibley filed suit in the justice court of Pecos county against W. D. Murray on a claim of indebtedness of $135, and on said day, in said suit, Sibley procured and had served on A. E. White a writ of garnishment.

On the 6th day of July, 1931, A. E. White answered said garnishment in effect that he was not indebted to Murray and was not in possession of any effects belonging to Murray and did not know of any person who was indebted to Murray, and stated that he had employed an attorney to file his answer at a reasonable cost to him of $10 and asked to be discharged.

On July 23, 1931, Sibley filed a controverting affidavit to White's answer to the effect that said answer was incorrect in that on or about June 14, 1931, said garnishee White purchased in bulk from Murray all of his goods, wares, and merchandise, paying therefor about $2,900. That said transaction was not in the regular course of business but was in bulk and that neither Murray nor White complied with the Bulk Sales Law, and that by reason thereof White held said goods in his hands or had disposed of same, or a part thereof, and that he was indebted and held said goods in trust for said Murray and Murray's creditors.

In the justice court Sibley recovered judgment against Murray for $135, and was refused judgment against White. From that judgment Sibley duly prosecuted an appeal to the county court of Pecos county.

In the county court White further answered as garnishee to Sibley's controverting affidavit to the effect that plaintiff did not have any lien on the Murray stock of merchandise when the writ was issued and served and that plaintiff could not recover a personal judgment against garnishee; that the Bulk Sales Law was only to protect persons engaged in general merchandising and plaintiff's claim was not within the province of the law, but was a claim for rental of a store house.

The garnishment case went to trial in the county court on November 18, 1931, before the court without a jury, resulting in a judgment in favor of Sibley against White as garnishee, in the sum of $135 and costs.

On January 20, 1932, White filed his motion to set aside and hold for naught the judgment rendered; the court entertained the motion, heard evidence thereon, and overruled the motion, and White brings the case to this court by writ of error.

Opinion.

Plaintiff in error White presents two propositions:

First: The county court was without jurisdiction in the case for the reason that "the record shows that W. G. Murray owed more than $1,000.00 and that the stock of merchandise taken over by the plaintiff in error without a compliance of the Bulk Sales Law, was of greater value than $1,000.00."

The proposition is without merit.

A creditor may have his judgment against the garnishee for the amount of his debt regardless of the amount of the indebtedness of the debtor or the value of the merchandise taken over from the debtor, the amount Murray owed, nor the value of the merchandise taken over being jurisdictional. A creditor may not, however, have a judgment against a garnishee for an amount in excess of the amount the garnishee owes the debtor, or the value of the property of the debtor in the hands of the garnishee.

The second proposition is: "In a suit against plaintiff in error for taking possession of a stock of merchandise without complying with the Bulk Sales Law, which were owned by W. G. Murray, all the creditors of the said W. G. Murray at the time possession of the said stock of goods was taken over by plaintiff in error were proper and necessary parties and it was error not to make them parties to the suit."

There is no pleading of defendant Murray, nor of the garnishee White, nor of the plaintiff Sibley that in any way suggests that there are creditors of Murray other than Sibley. Neither is there evidence in the record that there are creditors of Murray who are entitled to share in the property conveyed by Murray to White.

In the absence of any pleading and evidence that there are creditors of Murray other than Sibley, we may not presume that there are other creditors so as to make applicable plaintiff's second proposition.

In view of the record presented here we think Sibley was entitled to a personal judgment against the garnishee. The evidence is undisputed that Murray had transferred his merchandise in bulk; that White had come in possession of the merchandise in bulk; that the Bulk Sales Law (Rev. St. 1925, arts. 4001–4003) had not been complied with; that Sibley was a judgment creditor of Murray; that the value of the merchandise was in excess of Sibley's judgment. It was in the power of the garnishee to show by his answer to the garnishment and by evidence whether he had the goods or any part of them, but as said by Judge Huff, speaking for the Amarillo Court in Gerlach Mercantile Co. v. Hughes-Bozarth-Anderson Co. (Tex. Civ. App.) 189 S. W. 784, 789, "he remained silent when he was called upon to speak." In that case and other cases there referred to it is well established that where the pleading and the evidence show a transfer of goods

in violation of the Bulk Sales Law, and that such goods have come into possession of such garnishee, and the garnishee answers that he did not have the goods, the court had sufficient ground for the inference that the garnishee had disposed of the goods, especially in the absence of evidence to the contrary.

There is only one other matter we need refer to. Plaintiff in error in his motion to set aside the judgment shows to the court that there are other creditors of Murray who will make the same claim as Sibley, and that if Sibley has any claim against him as garnishee it is only jointly with other creditors, etc.

The motion is in no sense a pleading in the case. The garnishee in the motion makes no suggestion of a change in his former answer in garnishment; he does not say in effect that he has the goods and tenders them for disposition among or for the benefit of the creditors. The creditors' claims could not be jointly held against the garnishee except as to the goods in his possession as trustee. It might be, had the garnishee in his motion said to the court, in effect, that he had been mistaken as to his relation to the goods, that he was the trustee and not the owner, that he then desired to answer differently as to Sibley and the other creditors, and had so answered, different issues would have been presented, and, if not too late in the trial of his case, the court might have granted the motion. However, it was not error to overrule the motion. But with the same issues as here, with creditors brought in, if such could be done, nothing would have been accomplished; there would be no property to share and no joint interest between creditors.

No reversible error is shown, and the case is affirmed.

### On Motion for Rehearing.

Plaintiff in error suggests several grounds of error in the disposition we make of the case. We think to discuss only one or two of such grounds, believing as we do, that the matters not directly discussed are incidental to and depend upon the correctness of the disposition we make of the matters discussed.

Plaintiff in error submits that it was fundamental error to affirm the case for a personal judgment against the garnishee White, his only liability being that of a receiver.

If we understand the contention made it is, in effect, that Sibley's cause of action as to White could be maintained only by a proceeding by application of Sibley as a creditor making White receiver of the property for the benefit of all of Murray's creditors, and proceeding against him as such receiver, and that in no event could a personal judgment be properly rendered against him.

Under our present Bulk Sales Act as amended in 1915 (Rev. St. 1925, arts. 4001–4003) Sibley could have proceeded against White, as suggested in plaintiff in error's motion, as provided in the statute, and as so clearly stated by Judge German in Gardner v. Goodner Wholesale Grocery Co., 113 Tex. 423, 256 S. W. 911, 912, by making application to a court of competent jurisdiction containing allegations of the material facts as to the transaction involved, etc., have the receivership declared, have the matter adjudicated as between the purchaser White and the Murray creditors, as in an ordinary receivership proceeding, but Sibley elected not to do so, but did elect to proceed by garnishment as he had the right to do.

Plaintiff in error refers us to the case of Gardner v. Goodner Wholesale Grocery Company, supra, as sustaining his position. It will be noted that in that case appellee did not proceed by garnishment but undertook to proceed against Gardner as trustee as provided by the amendment of March 23, 1915 (Acts 1915, c. 114), to the Bulk Sales Act, providing that "any purchaser or transferee who shall not conform to the provisions of this Act shall, upon application of any of the creditors of the seller or transferor, become a receiver and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer." In the Gardner v. Goodner Wholesale Grocery Company Case, the court was not discussing a garnishment proceeding under the Bulk Sales Law, but was discussing the other or additional remedy of the 1915 amendment as made by the pleadings in that case. The court, however, in that case took occasion to say that "the statute as now written was not intended to do away with proceedings by garnishment or other process, but was intended to furnish an additional remedy, more direct, effective, and equitable to the various creditors, if more than one," evidently leaving it to the creditor to proceed by garnishment if he so desired.

The court also held: "It is now a universally recognized rule of law that a trustee who disposes of or converts to his own use trust property, placing it beyond the reach of the creditors, will be held personally liable therefor."

We think we need not discuss nor inject into this garnishment proceeding what would have been proper had the proceeding been other than garnishment as was the Gardner Case. To us the confusion in appellant's contentions seems to arise from his efforts to apply the proceedings of one remedy to that of the other.

We have not been able to see, in this proceeding, there being no property in the hands of the court to dispose of for the benefit of the creditors, any benefit to either party to have the creditors of Murray brought in and prove their claims, or have an accounting.

There is no property to share with the creditors, the property having been converted by appellant. Such proceeding, under such circumstances, would be disappointing, and confusing to all in the absence of property to dispose of and share proportionally alike to the creditors.

For reasons stated we think the motion should be overruled and it is so ordered.