**SOUTHWESTERN DRUG CORP. et al. v. WEBSTER et al.**

No. 6187.

Court of Civil Appeals of Texas. Amarillo.
Nov. 26, 1951.

Cooper & Finney, Amarillo, for appellants.

F. H. Richards, Dalhart, for appellees.

PITTS, Chief Justice.

This appeal presents a jurisdictional question as well as the alleged misjoinder of parties plaintiff and misjoinder of causes of action. Appellants, Southwestern Drug Corporation, The Amarillo Paper Company, Inc., and McKesson-Robbins, Inc., filed suit against Gail E. Webster and Mrs. Grace E. Joiner, formerly Grace E. Beard, joined pro forma by her husband M. M.

Joiner, alleging as a cause of action three separate and unrelated verified accounts for goods, wares and merchandise purchased by the said Gail E. Webster from the three said appellants, respectively. The three separate accounts, made and verified respectively by appellants and attached to their pleadings as a part thereof, were for the following sums, to wit: Southwestern Drug Corporation $478.03, The Amarillo Paper Company, Inc., $95.48 and McKesson-Robbins, Inc., $375.94.

In appellants' first amended original petition filed in lieu of their original petition, upon which amended petition they must rely, appellants further alleged that Gail E. Webster operated a retail drug business known as DeSota Drug Company in Dalhart, Dallam County, Texas, and during the period of such operation the said Gail E. Webster bought the goods, wares and merchandise in question at various times during the early part of the year 1950 from the appellants respectively who were separately engaged in the wholesale trade of such goods, wares and merchandise; that on or about May 1, 1950: " * * * the said Gail E. Webster ceased to personally operate and conduct said business and his wife, Mrs. Gail E. Webster, took active management and charge thereof, and a few days thereafter, the Defendant, Mrs. Grace E. Joiner, apparently took charge of and possession of said property with the said Mrs. Gail E. Webster, said Defendant, Mrs. Grace E. Joiner, being at that time, Mrs. Grace Beard, and thereafter, without any compliance with the Bulk Sales Law, or without any effort to comply with same, and without notice to any or either of these Plaintiffs, the said Mrs. Grace E. Joiner, claimed ownership of said business and is now claiming ownership thereof, and though often requested by these Plaintiffs, has failed and refused to recognize or make any payment of the claims of these Plaintiffs."

Appellants further alleged that appellee, Mrs. Grace E. Joiner, is liable to them for their respective debts as trustee under the provisions of the Bulk Sales Law (Article 4001) inasmuch as she took possession of the drug stock without complying with the provisions of the said Bulk Sales Law. Appellants also alleged that the said drug stock was of sufficient market value to pay each and all of appellants' claims and all other creditors of Gail E. Webster: " * * * and in the event that the value of the said property taken possession of by the said Grace E. Joiner is not of sufficient value to pay all the debts and obligations of the said Gail E. Webster, then that the said Plaintiffs herein have judgment against the said Grace E. Joiner for such portions of the value of said property as the debts bear to the total obligations as established by the said Gail E. Webster."

Appellee, Grace Joiner, joined pro forma by her husband, filed a plea of misjoinder of parties and of the alleged causes of action on the grounds that appellants' alleged causes of action, if any, arose out of separate and distinct transactions not properly therein joined together. She further moved the court to dismiss the alleged causes of action for want of jurisdiction because each of the claims respectively made by appellants was for less than $500, which sum is the minimum jurisdictional sum of a district court in Texas under the provisions of the State Constitution. In connection with such pleas the said appellee further alleged that she was not subject to the Bulk Sales Law of Texas as charged by appellants for the reason that she previously sold the drug store stock of goods in question to Gail E. Webster and accepted as part payment therefor a note secured by a mortgage lien upon the stock of goods and the store fixtures, which mortgage had been placed of record in Dallam County; that thereafter and before this suit was filed Gail E. Webster defaulted in his payments and left the country and that the said appellee foreclosed her mortgage lien upon the stock of goods and the fixtures in the said drug store by judgment and order of sale in cause number 3859 on the docket of the same court in which this suit was filed; that the said appellee, Grace Joiner, bought the said drug store stock of goods, furniture and fixtures at the sheriff's foreclosure sale conducted under the direction of the trial court's judgment; that appellants thereafter filed this suit upon

alleged accounts with which the said appellee had no connection and received no benefits from the goods, wares and merchandise alleged to have been sold to Gail E. Webster by appellants herein.

At a hearing conducted by the trial court on April 6, 1951, the parties were heard on the issues presented by their respective pleadings and the trial court took the matter under consideration until April 12, 1951, when it sustained the plea of misjoinder and to the jurisdiction of the court filed by appellee, Grace Joiner, and by order entered dismissed the case from which order appellants have perfected their appeal.

█ Appellants predicate their appeal upon two points of error contending that the trial court had jurisdiction by reason of their pleading to the effect that appellee, Grace E. Joiner, had taken possession of the property in question which had a value of more than an amount sufficient to pay all of appellants' claims and that she took possession of such property in violation of the Bulk Sales Law and therefore took the same as a trustee for the benefit of appellants as creditors of Gail E. Webster. As a basis for their assignments of error appellants contend in their brief that "The said Gail E. Webster, prior to his leaving the State of Texas, transferred all of his property located at the DeSota Drug, Dalhart, Texas, to Mrs. Grace E. Joiner, formerly Mrs. Grace E. Beard, without compliance by either of said parties with the Bulk Sales Law of the State of Texas." An examination of appellants' first amended original petition does not reveal an allegation by them to the effect that Gail E. Webster either sold or transferred the said stock of goods in question to appellee, Mrs. Grace E. Joiner, at any time and without such an allegation in some form they have no basis for charging a violation by her of the Bulk Sales Law. At most appellants there pleaded only that Gail E. Webster ceased to personally operate and conduct the business in question and his wife, Mrs. Gail E. Webster, who was not named as a party defendant to this suit according to appellants' first amended original petition, took active management and charge of the said business; that a few days thereafter

Mrs. Grace E. Joiner apparently took charge of and possession of the said property with the said Mrs. Gail E. Webster and the said Mrs. Grace E. Joiner claimed ownership of the said business without any compliance with the Bulk Sales Law. In our opinion appellants did not plead either a sale or a transfer of the goods in question and such a pleading is insufficient to charge appellee, Mrs. Grace E. Joiner, with the duty of complying with the provisions of the Bulk Sales Law. The principles of such law may be applied in a case where there has been a sale or transfer of a stock of goods but appellants have not pleaded either in the case at bar.

█ Appellants' said pleadings do not undertake to relate how appellee, Mrs. Grace E. Joiner, came into possession of the stock of goods in question other than to allege that she "apparently took charge of and possession of the said property" together with Mrs. Gail E. Webster, who was not named as a party to the suit. But the pleadings of appellee, Mrs. Grace E. Joiner, relate that she came into possession of the said stock of goods by foreclosing a mortgage lien through a court judgment. It has been held that a person can lawfully repossess such a stock of goods in such a manner without complying with the Bulk Sales Law and that a creditor of the vendee could not subject the repossessed stock of goods to a payment of his claim. International Harvester Co. of America v. Smith, Tex.Civ.App., 91 S.W.2d 827, writ dismissed.

█ Rule 40 of the Texas Rules of Civil Procedure authorizes the joining of all persons together in one action as defendants if the recovery or relief sought against them arose out of the same transaction or occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. However, the trial court has great discretion upon determining the questions of joinder of parties and causes of actions. Wilson v. Ammann & Jordan, Tex.Civ. App., 163 S.W.2d 660, writ dismissed. In the case of City of Wichita Falls v. Long, Tex.Civ.App., 167 S.W.2d 792, affirmed 142 Tex. 202, 176 S.W.2d 936, the Court of

Civil Appeals held that when claims are joined together in one suit, each claim must be within the jurisdiction of the court in which the suit is filed and that such claims may not be added together to make up the jurisdictional amount but each separate claim must furnish its own jurisdictional test.

Appellants do not allege or assert any kind of a lien on the stock of goods in question. Neither do they seek to foreclose any kind or character of a lien. They merely seek a judgment for their claims against the defendants and seek further to have appellee, Grace E. Joiner, declared to be a trustee of the property held by her for the benefit of the appellants because of her alleged failure to comply with the provisions of the Bulk Sales Law. Nowhere do appellants allege the value of the stock of goods in question. They merely alleged that it was of sufficient value to pay all of the claims held by the creditors of Gail E. Webster, but they further alleged, without pleading in the alternative, that, if the said property was not of sufficient value to pay their respective claims, that they have judgment against Grace E. Joiner as trustee for their pro rata parts, respectively, of the value of the said stock of goods. But, be that as it may, the courts have held that jurisdiction of a case such as this must be determined by the amounts sued for respectively by the parties and not by the value of the property taken over by a party defendant even if the value of the property taken over by such defendant had been definitely alleged. White v. Sibley, Tex.Civ. App., 59 S.W.2d 266, writ dismissed, and other authorities previously herein cited. The rule is different, however, when a party plaintiff seeks to foreclose a lien on property and sell all of the property to satisfy his claim. In cases where a foreclosure is sought but all of the property does not have to be sold to satisfy the debt, jurisdiction is fixed by the alleged value of the debt; but in cases where all of the property is to be foreclosed and sold to satisfy the debt and the value of the property to be foreclosed is greater than the amount of the alleged debt, in that event jurisdiction is fixed by the value of the property being foreclosed.

Childress Oil Co. v. Wood, 111 Tex. 165, 230 S.W. 143. These rules are discussed and our position in this case further supported by the following authorities: Ball v. Beaty, Tex.Civ.App., 223 S.W. 552; McKee v. Le Fors, Tex.Civ.App., 253 S.W. 598; Allnutt v. Compton, Tex.Civ.App., 294 S.W. 244. The last case cited holds, in effect, that a failure to allege the value upon which jurisdiction is based is error.

After a careful examination of the pleadings, appellants' points of error and the law governing such, it is our opinion that the trial court properly sustained the motions presented to it by appellee, Grace E. Joiner, and was justified in dismissing the case. Appellants' points to the contrary are overruled and the judgment of the trial court is affirmed.