**GROGAN LORD & CO. et al. v. CAMERON MFG. CO.**

No. 10127.

Court of Civil Appeals of Texas. Austin.

April 8, 1953.

Rehearing Denied April 15, 1953.

Wilcox & Gauntt by S. E. Wilcox, Jr., Georgetown, for appellant.

J. P. Darrouzet, Austin, for appellee.

ARCHER, Chief Justice.

This suit was instituted in the County Court at Law of Travis County, Texas by Cameron Manufacturing Company against J. C. Mount and Grogan Lord & Company, seeking a judgment against Mount for $421.42 and pleading:

"V.

"That, on the 6th day of March, 1951, the Defendant J. C. Mount entered into a written agreement with the Defendant Grogan Lord & Co., a copy of which is hereto attached and marked Exhibit B, whereby said J. C. Mount transferred to said Grogan Lord & Co. all his interest in the Texas Auto. Co. and The Trim Shop, and all merchandise and fixtures therein, such business being then and there located in Austin, Travis County, Texas.

"VI.

"That the merchandise and fixtures transferred, so far as the Plaintiff knows, consisted of automobiles and

fixtures included in the list attached hereto and marked Exhibit C, and that these items had an actual value of $68,-000.00."

Further pleading plaintiff alleged such transfer to be in violation of the Bulk Sales Law [1] and sought to have defendant Grogan Lord & Co. found to be a receiver under such law. The pleading recited that there are other creditors of Mount and gave a list of such with total claims of $3043.78 and invited those creditors to come forward and join in the suit. No pleas of intervention were filed.

The defendant Lord pleaded to the jurisdiction of the County Court that since the allegation in the plaintiff's petition was that the amount in controversy was stated to be $68,000 that the County Court was without jurisdiction to appoint and declare Lord & Co. as a receiver.

The trial court rendered its judgment in favor of plaintiff and against Mount for $421.42, and found defendant Lord & Co. to be liable as a receiver and to all other prior creditors of Mount whose claims do not exceed $1,000, who may intervene and establish such debts, and directed Lord & Co. to make accountings, etc. and rendered judgment of indemnity in favor of Lord & Co. against Mount for the pro rata part of the value of $47,743.57 for which it is liable.

The appeal is before this Court on six points, but since we have concluded that the court was without jurisdiction we do not discuss any other phase of the case.

■ It is apparent from the petition that the County Court did not have jurisdiction to declare the defendant Lord & Co. to be a receiver since the amount in controversy, exclusive of interest, exceeded $1,000. Tex. Vernon's Ann.St.Const., art. 5, § 16.

■ Jurisdiction is determined by averment in plaintiff's pleadings.

Spann Bros. Auto Supply Co. v. Miles, Tex.Civ.App., 135 S.W.2d 1016.

■ In Gardner v. Goodner Wholesale Grocery Co., 113 Tex. 423, 256 S.W. 911, our Supreme Court discusses fully the law and procedure under the Bulk Sales Law, and states that upon application of any creditor a court of competent jurisdiction may have a transferee in violation of the Bulk Sales Law declared to be a trustee and receiver of the property and required to account for it, or for its value, if converted, under the direction of the court for the benefit of all creditors.

In Southwestern Drug Corp. v. McKesson & Robbins, Inc., 141 Tex. 284, 172 S.W. 2d 485, 155 A.L.R. 1056, the Supreme Court reaffirmed its prior holdings.

Since the judgment in this case was entered by the court when it did not have jurisdiction, we are reversing and remanding it to the trial court so that the plaintiff may make such amended pleadings as by it may seem justified relating to its claim against J. C. Mount, or dismiss the instant suit and file such pleadings in the district court as may be deemed proper and there secure a determination as to the relative merits of the case.

Therefore, the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.