Clyde FOSTER, Appellant,

v.

PACE PACKING COMPANY, Appellee.

No. 3218.

Court of Civil Appeals of Texas.

Eastland.

Nov. 23, 1956.

A. C. Cooke, Lubbock, for appellant.

McMahon, Smart, Walter, Sprain & Wilson, Abilene, for appellee.

COLLINGS, Justice.

Pace Packing Company, a partnership, brought suit in Nolan County, Texas, against Kelly L. Fregia, Billy Mitchell and Clyde Foster, all of Lubbock County, Texas, to recover upon a sworn account in the sum of $617.30 for meat and meat products alleged to have been sold to Kelly L. Fregia, and for $250 attorneys fees. Plaintiff alleged Foster was a partner of Fregia and as such jointly liable with Fregia, who had agreed to pay the account in Nolan County, Texas. Plaintiff alleged in the alternative, if mistaken in the allegation of partnership, that Foster purchased or acquired a stock of merchandise from Fregia without complying with the Bulk Sales Law and thereby became liable to pay the amount of the account sued upon; that Fregia purchased the merchandise, described in the plaintiff's sworn account,

which became a part of the stock of goods in Fregia's grocery store and sold and disposed of it in the normal course of business; that, after Fregia's purchase of the merchandise described in the plaintiff's account, Foster on March 26, 1953, took possession of the grocery store and stock of goods at which time, Foster and Fregia settled their accounts; that the value of the stock of goods received by Foster from Fregia was more than the account upon which plaintiff sought to recover; that the parties did not comply with the "Bulk Sales Law" of the State of Texas, by reason of which Foster became liable to plaintiff for the full amount of the sworn account; that thereafter Foster sold the store and stock of goods to Billy Mitchell without complying with the Bulk Sales Law, and that Billy Mitchell also became liable for the amount of the account.

Kelly L. Fregia did not answer. Clyde Foster and Billy Mitchell filed pleas of privilege to be sued at Lubbock County, Texas, which after hearing, were overruled. On appeal to this court the order overruling the pleas of privilege was reversed as to the defendant Billy Mitchell and affirmed as to the defendant Clyde Foster. 269 S.W.2d 929. The case against Foster and Fregia was then brought to trial on its merits and the court at the conclusion of the evidence directed the jury to return a verdict for plaintiff and enter judgment against Kelly L. Fregia and Clyde Foster as prayed. Foster has brought this appeal.

Appellant Clyde Foster by amended pleadings denied under oath that he received the merchandise as alleged by Pace Packing Company and denied under oath the existence of a partnership between him and Kelly L. Fregia. Foster alleged the relationship between him and Fregia was that of a landlord and tenant and in support thereof alleged the existence of a written lease contract covering a period beginning September 22, 1952, and ending September 22, 1953, which purported lease contract was set out in full in Foster's answer. The alleged instrument provided in effect the lease by Foster to Fregia of a described store building in Lubbock, Texas with all fixtures and equipment therein. The instrument further provided that Fregia upon taking over the store should also take the stock of groceries which should be invoiced, and upon termination of the lease the stock should be again invoiced, and the same or an equivalent amount in value should "be in the stock corresponding with the first invoice." It was further provided in the alleged lease that Fregia was to pay Foster as rent an amount equal to $3\frac{1}{2}\%$ of the gross sales of the store.

Appellee Pace Packing Company specially excepted to the portion of Foster's answer which pleaded the terms of the alleged lease agreement and moved the court to strike it from appellee's pleadings for the stated reason that it was self-serving and highly prejudicial and in its entirety constituted hearsay as to the plaintiff.

■ Appellant's first point complains of the action of the court in sustaining this special exception. The point is well taken. Appellant alleged a partnership between Foster and Fregia, which Foster denied. Foster was entitled to plead and prove the existence of the lease contract for whatever it was worth in determining the nature of the relationship between him and Fregia.

■ We are of the opinion, however, that the error in sustaining appellee's special exception is not a reversible error. When the alleged lease contract between Foster and Fregia is considered together with all other evidence in the record, including the testimony of Foster concerning his delivery of the stock of goods to Fregia when Fregia took charge of the store and of Fregia's delivery of the stock of goods back to Foster at the termination of the relationship between them, Foster's liability to plaintiff is conclusively shown. Foster was the owner of the store building and premises covered by the alleged lease contract between him and Fregia and in so

far as such property was concerned the relationship between the parties was that of landlord and tenant. As a part of the transaction Foster delivered to Fregia a stock of groceries. The terms of the alleged lease contract considered with the other evidence, including the testimony of Foster, conclusively establish that it was the intention of the parties that Fregia was to use the stock of goods in the operation of a grocery store on the leased premises and was to sell the stock at retail and retain the proceeds. The evidence is conclusive that it was not contemplated that Fregia was to return the identical merchandise to Foster or that he was to deliver to Foster the proceeds from the sale of such merchandise less a commission. See Charles M. Stieff, Inc., v. City of San Antonio, Tex.Com.App., 130 Tex. 594, 111 S.W.2d 1086. Fregia's obligation concerning the stock of goods delivered to him was to return to Foster at the end of the lease arrangement, not the identical merchandise received by him, but merchandise equivalent in value to that received by him. This obligation was in the nature of an indebtedness. It is held that such a transaction constitutes a sale, and Fregia, therefore became the owner of the stock of goods. Paul Martin Co., Inc., v. Sumpter, D.C.Mun.App., 64 A.2d 425, 427; In re United States Electrical Supply Company, D.C.Ill., 2 F. 378, 380; Welsh v. Kelly-Springfield Tire Company, 213 Ind. 188, 12 N.E.2d 254, 258.

It is undisputed that thereafter Fregia delivered the entire tock of merchandise in the store to Foster without complying with the requirements of Article 4001, Vernon's Ann.Tex.Civ.St. This delivery in bulk of the stock of merchandise by Fregia to Foster was a sale or transfer under the statute and Foster became accountable to Fregia's creditors to the extent of the value of the merchandise received by him. Mayfield Company v. Harlan & Harlan, Tex.Civ.App., 184 S.W. 313; Gardner v. Goodner Wholesale Grocery Company, 113 Tex. 423, 256 S.W. 911; Reynolds

v. Groce-Wearden Company, Tex.Civ.App., 250 S.W.2d 749 (Error Ref.); Southwestern Drug Corporation v. McKesson & Robbins, Inc., 141 Tex. 284, 172 S.W.2d 485, 155 A.L.R. 1056. It is undisputed that the value of the merchandise received by Foster was more that the amount of the appellee's account.

Even if it should be held that Foster's delivery of the merchandise to Fregia was not a sale and that title to the stock remained in Foster, it is still undisputed that Fregia's operation of the store and sale and replenishing of the stock of merchandise was contemplated by the parties. Under such circumstances Fregia as a matter of law would have been acting either as a partner or agent of Foster in selling the merchandise and replenishing the stock of goods. In either event Foster would be liable to Pace Packing Company for the account.

The trial court did not err in instructing the jury to find for appellee. The judgment is affirmed.