## PHILLIPS v. CARGILL.

### No. 3852.

Court of Civil Appeals of Texas. El Paso.

Sept. 21, 1939.

Richard Nicolds and E. A. Martin, both of Longview, for plaintiff in error.

B. M. Salmon, of Longview, for defendant in error.

PRICE, Chief Justice.

This suit originated in the County Court of Gregg County, Texas. Claud Phillips, from an adverse judgment, duly perfected writ of error. There is no statement of facts filed herein by plaintiff in error on the trial of the case on its merits. A statement of facts on the hearing of the motion for a new trial was filed.

Defendant in error, Robert Cargill, hereinafter called plaintiff, filed his petition in the County Court on the 20th of December, 1937.

It was alleged in substance that on the 15th day of May, 1936, he leased by written lease to J. P. Phillips certain store or shop fixtures, enumerating and alleging the value of each item thereof, which items aggregated $900; that the lease was to run for two years, from May 15, 1936, to May 15, 1938; the rent reserved being $480, payable in monthly installments of $20 each; that said J. P. Phillips paid all rent to plaintiff up to September 15, 1937, but thereafter he failed and refused to pay any further rent; that the lease contained a provision against subletting, which gave the lessor a right to terminate same for the violation thereof; that there had been a violation of this provision, in that the defendant J. P. Phillips had sublet the property to one George Wallace without the written consent of plaintiff; that plaintiff elected to terminate same and declared the lease terminated; that defendant George Wallace was then in possession of the fixtures and using same, to plaintiff's damage in the sum of $100. Further, that while defendant J. P. Phillips was indebted to plaintiff, as alleged, he moved his stock of merchandise into the store of defendant Claud Phillips and mingled said stock with that of said defendant Claud Phillips, and thereby the said defendants J. P. Phillips and Claud Phillips violated the Bulk Sales Law and rendered the stock and assets of the defendant Claud Phillips liable for the rentals and damages due plaintiff. Plaintiff further sought, as against all defendants, recovery of the amount of rentals from September 15, 1937, to May 15, 1938, at the rate of $20 per month, and damages in the sum of $100, and for wrongful subletting of the leased property.

The defendants J. P. and Claud Phillips duly filed separate answers to this petition. Citation on defendant George Wallace was returned unserved, and on the 16th day of May, 1938, plaintiff dismissed his suit as to said Wallace. As to the answers of defendants J. P. and Claud Phillips, suffice it to say that each answer contained general demurrer, special exceptions and general denial, and each pleaded special defenses.

The case was tried on the 10th day of June, 1938, before the County Judge without a jury. Neither defendants nor their counsel appeared at the trial. Judgment was rendered by the County Court in favor of plaintiff against the defendants for the

sum of $300, with interest at the rate of six per cent per annum from the date of the judgment. The judgment itemized the recovery as follows: for rent, $170; the sum of $30 as damages for failure to deliver National Cash Register; and $100 as damages on account of subleasing to Wallace.

For ground of relief against defendant Claud Phillips plaintiff's petition is as follows: "Plaintiff would further show to the Court that while indebted to this plaintiff, the defendant J. P. Phillips moved his stock of merchandise into a store owned by Claud Phillips, and being in the City of Longview, Gregg County, Texas, and mixed and mingled the stock of J. P. Phillips with that of Claud Phillips and that the said defendants then and there violated the Bulk Sales Law and rendered the stock and assets of the said Claud Phillips liable for the rentals and damages due to the plaintiff herein by the said J. P. Phillips." This allegation as to Claud Phillips above quoted is the only allegation attempting to state a cause of action against him. Article 4001, Revised Civil Statutes 1925, is in part as follows: "The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor." The statute further provides that the sale be void unless the conditions therein set forth be complied with. Said section further provides: "Any purchaser or transferee who shall not conform to the provisions of this law shall, upon application of any of the creditors of the seller or transferor become a receiver, and he held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

■■ Even though it be conceded that said paragraph pleads a sale or transfer in violation of the Bulk Sales Law, we are of the opinion that the allegation is insufficient to support proof of the value of the goods transferred. It is further fatally defective, in that it fails to allege that plaintiff is the only creditor of J. P. Phillips, and does not seek to have defendant Claud Phillips held as a receiver. Article 4001 does not provide for personal liability of the purchaser or transferee beyond the value of the property received. Gardner v. Goodner Wholesale Grocery Co., 113 Tex. 423, 256 S.W. 911; Settegast v. Second National Bank, 126 Tex. 330, 87 S.W.2d 1070, 102 A.L.R. 680.

An inspection of the petition of plaintiff and the judgment of the Court discloses that an erroneous judgment has been entered herein against the defendant Claud Phillips.

This renders it unnecessary to consider the other assignments of error made by the defendant.

It is ordered that the judgment be reversed and remanded as to plaintiff in error, Claud Phillips.