**Gatha L. LINGNER et al., Appellants,**

**v.**

**Ed HALEY et al., Appellees.**

**No. 6416.**

Court of Civil Appeals of Texas.

Amarillo.

May 24, 1954.

Rehearing Denied June 28, 1954.

Benson & Howard, Hugh Anderson, Syrian Marbut, Lubbock, for appellants.

Buck McNeal and Crenshaw, Dupree & Milam, Lubbock, for appellees.

PITTS, Chief Justice.

This is an appeal from an order appointing a receiver ex parte and without notice or a hearing held, entered upon the application of appellees, Ed Haley, d/b/a Lubbock Wholesale Florist, Tom Maben and Floyd Maben, partners, d/b/a Maben Wholesale Floral & Supply Company, and O. A. Roberts, d/b/a Western Greenhouse. In a verified petition appellees alleged themselves to be unsecured creditors in the total sum of $7376.39 of defendant Gatha L. Lingner, a feme sole, who had been engaged in a retail floral business in Lubbock, Texas, operating under the name of Texas Floral Company and that she on or about February 2, 1954, sold and delivered her stock of merchandise, supplies, furniture and fixtures of the total value of $45,000 to appellant, Gayle Clawson, in bulk and not in the due course of trade, since which time the said appellant had been in possession thereof. The merchandise, materials and supplies were alleged to be worth $30,000 or more and the furniture, fixtures and equipment worth $15,000 or more. Appellees likewise alleged that on the same said date appellants Carl Clawson and wife Virgie Clawson, either or both, accepted and effected a transfer of the said stock of merchandise, materials, supplies, furniture, fixtures and stock of goods in bulk, from defendant, Gatha L. Lingner, in satisfaction of an asserted mortgage lien against the said property, without complying with the provisions of Article 4001, Revised Civil

Statutes; that the said mortgage lien claim was void and fraudulent as against the creditors of Gatha L. Lingner; and that these said appellants on the very same said date and in the same manner, without complying with the bulk sales law, transferred, assigned or sold the said described property to appellant, Gayle Clawson, for which reasons all of the said appellants became liable to appellees as creditors of defendant, Gatha L. Lingner, to the extent of their respective claims. In any event appellees contend and pleaded that appellant, Gayle Clawson, was and is in possession of the said property in violation of the bulk sales law, Article 4001, as against the asserted claims of appellees, respectively, as creditors of defendant, Gatha L. Lingner, and that he should be required to prorate the same, in accordance with existing claims, among the said creditors under the direction of the court, subject to all the laws and rules of equity governing such matters through a receiver. Appellees further pleaded that the defendant, Gatha L. Lingner, was indebted to various other creditors not therein named in excess of $30,000 exclusive of appellees, who had no previous knowledge or notice of any sale of the said goods, merchandise, fixtures and furniture; that by reason of the said sale and transfer of the said property and by virtue of the provisions of Article 4001, appellant, Gayle Clawson, became and remains a trustee and a receiver of the said property for the benefit of all of the creditors of defendant, Gatha L. Lingner, subject to the direction of the court; that appellant, Gayle Clawson, claims he purchased the said property at a valid sale from appellants Carl Clawson and wife Virgie Clawson under the terms and power of a certain mortgage, but that the said appellant knew at the time of the said purchase that the said mortgage was void and fraudulent as to the creditors of defendant, Gatha L. Lingner; that the said appellant claims the said property is all clear and free of debt and particularly free and clear of appellees' said claims therein made and that he denies any liability for appellees' said claims or the claims of any other creditors of defendant, Gatha L.

Lingner; that since taking possession of the said property, appellant, Gayle Clawson, has been selling the stock of merchandise in regular retail course of business and that appellees "verily believe and allege that he has sold and disposed of a considerable portion of the said stock of goods, materials and supplies" and that they further "believe and allege" that appellant will continue to sell and dispose of the said stock without keeping any record of the sales of such goods as distinguished from the sales of his separate goods bought otherwise and being also sold by him; that appellees "believe and fear" that the stock of goods purchased from the defendant, Gatha L. Lingner, will be sold and disposed of within a very short time by appellant, Gayle Clawson, who, they further allege, has no other property in the State of Texas subject to execution, thus placing the said goods out of the reach of appellees and causing them to lose their rights in the said property since defendant, Gatha L. Lingner, is wholly insolvent. For such alleged reasons appellees sought to have the court to name appellant, Gayle Clawson, receiver of all of the said property in question without first giving notice to any of appellants and they sought further to have the said appellant, as such receiver, be given full instructions and directions therein fully set out by appellees in the management of the said property.

The record reveals that appellees' said petition was signed and sworn to by them on February 10, 1954, filed with the clerk of the trial court on the same day and the relief therein sought by appellees was fully granted by the trial court on the very same day and appellant, Gayle Clawson, was appointed receiver ex parte and without notice to any of appellants upon his taking the oath required by law and executing a good and sufficient bond in the sum of $30,000 within five days. Appellees were likewise required to execute a bond in the sum of $1,000 with the usual conditions therein stated. Soon after such appointment was made, together with full instructions therein given, appellants received notice of such and duly perfected an appeal challenging the appointment. They likewise executed

a supersedeas bond fixed by the trial court in the sum of $12,000, which was filed together with appellants' assignments of error. Appellees assert that appellant, Gayle Clawson, was served with copies of appellees' verified pleadings and the ex parte order of the court the very day the petition was filed and the said order entered. The record reveals that appellees' lengthy petition was presented to the court at about 5:00 p. m. o'clock on February 10, 1954, and the order was thereafter entered at 5:25 p. m. o'clock on the same day, indicating that notice before judgment would have been simple and easy, since the record reveals service was had immediately after judgment was entered. At the request of appellees, the trial court further directed the said appellant as receiver to make and file with the court within five days a true and correct sworn inventory of all the property and assets received from defendant, Gatha L. Lingner, to make and file with the court within said time limit a true and correct sworn statement of account, showing therein all such goods previously sold by him, together with the name and address of each purchaser, the date sold, price received and the description of each item sold. The said receiver so appointed was further directed by the court to sell at retail for cash in the usual course of business the perishable goods and to receive a receipt for purchase money for the same and make a sworn written report of such sales to the court on Monday of each week, giving a description of each item sold; to safely keep and preserve all funds received for the sale of such goods until the same could be delivered to the register of the court on the days provided for filing weekly reports; and to preserve and safely keep all of such property not sold and to keep the same insured against the usual losses by fire, wind and hail storms and other such casualties. In its judgment the trial court made findings consistent with appellees' pleadings and in support of its judgment. The record contains a certificate showing that the said order of appointment was made by the trial court solely upon the sworn pleadings of appellees and without any evidence being introduced at a hearing.

Appellees filed a motion in this court seeking to have the appeal dismissed for lack of jurisdiction, but the same was passed to be considered with the hearing on the merits of the appeal. In both their said motion, together with their written argument in support thereof, and in their brief on the merits, appellees seem to contend, in effect at least, that the court's order appointing a receiver is merely no more than a declaration of the court recognizing the status of appellant, Gayle Clawson, as a receiver as a matter of law by virtue of the mere filing of a verified petition by appellees. In their brief appellees likewise assert that:

"We do not believe that the declaration of the Court or the order of the Court appointing Gayle Clawson receiver is governed by any of the provisions of Article 2293, Vernon's Annotated Civil Statutes of Texas, but is controlled and governed solely by Article 4001 of the Bulk Sales Law, * *."

Article 4001 provides in part that:

"Any purchaser or transferee who shall not conform to the provisions of this law shall, upon application of any of the creditors of the seller or transferor become a receiver, * * *."

By "application" as therein used is meant a formal application made to a court of competent jurisdiction, containing allegations of the material facts as to the transactions involved, sufficient to invoke the equitable powers of the court, and to apprise the court and the purchaser of a desire to have the receivership declared and the matter adjudicated as between the purchaser and the various creditors in accordance with the rules usually governing in ordinary receivership proceedings. Gardner v. Goodner Wholesale Grocery Co., 113 Tex. 423, 256 S.W. 911; 20 Tex.Jur. 574, Section 220. Since the bulk sales law, Article 4001, makes no provisions for rules of procedure upon the filing of an application for a receivership under its terms, Article 2319 and other provisions of the statute governing such matters are usually followed for guidance. Settegast v. Second

Nat. Bank, 126 Tex. 330, 87 S.W.2d 1070, 102 A.L.R. 680; Southwestern Drug Corporation v. McKesson & Robbins, 141 Tex. 284, 172 S.W.2d 485, 155 A.L.R. 1056.

In the case at bar the trial court predicated its acts upon the provisions of other receivership statutes in requiring the receiver to take an oath, execute a bond and in directing him to perform other certain duties as such receiver. Statutes which deal with the same general subject and have the same general purpose, whether it be receiverships or otherwise, are considered as "in pari materia" and must be harmonized, if possible, and construed so as not to destroy the effect of either. 39 Tex.Jur. 253–257, Section 135. For the reasons stated it is our opinion that the trial court was not and could not have been "controlled and governed solely by Article 4001 of the bulk sales law" since the said Article makes no provision under its terms for procedure upon the filing of a petition for receivership and for adjudicating the matters therein presented. Under the authorities cited the trial court must resort to other provisions of the statute, or to rules of equity not inconsistent with the statute, for determining such matters when a petition has been filed under the bulk sales law seeking a receivership.

Under the authorities previously cited construing the bulk sales law, and application for a receivership must allege sufficient material facts concerning the transaction involved to invoke the equitable powers of the court and to apprise the court and the purchaser of a desire to have the receivership declared and the matters presented adjudicated as between the purchaser and the creditors in accordance with the usual rules governing an ordinary receivership proceedings. The right to the appointment of a receiver after notice and hearing, is a matter distinctly different from the right to an appointment ex parte and without notice. The right to a day in court, of notice, and of the privilege of being heard before judgment, is of the very essence of due process of law. No more drastic action is known, either in law or in equity, than the remedy of an ex parte receivership without notice, which is considered a very harsh remedy that always deserves careful consideration. Upon proper pleadings a receiver may be appointed ex parte without notice and without giving the adverse party an opportunity to be heard, but such is proper only in an extreme exceptional case in which there exists a great emergency and a most stringent necessity for immediate appointment in order to prevent loss, waste, destruction, irreparable injury, or the defeat of the petitioner's rights if notice and a hearing be held, and that the rights of the complaining party cannot be amply and sufficiently protected in any other way or by any other remedy. Corsicana Hotel Co. of Texas v. Kell, Tex. Civ.App., 66 S.W.2d 760, 761, and other authorities there cited. In that case it was held that the appointment of a receiver ex parte and without notice to the adversary was not justified based upon an allegation of fear without alleging facts upon which the fear is based and where it did not appear that applicant would have suffered loss by a sufficient delay to give notice to an opposing party. The court there further said "the allegation of fear, in the absence of justifying facts, is but the expression of dread, anxiety, or solicitude, and, in our opinion, was insufficient to justify the drastic action of the court". Most of the foregoing rules were again reiterated with emphasis in the case of Wilkenfeld v. State, Tex.Civ.App., 189 S.W.2d 80, in which cause it was also held that facts and circumstances, as distinguished from mere opinions and conclusions, must be alleged and verified positively and not merely upon information and belief in order to justify appointment of a receiver ex parte without notice. Such rules have been long observed in considering a petition for the appointment of a receiver ex parte without notice. Haywood v. Scarborough, 41 Tex.Civ.App. 443, 92 S.W. 815; Security Land Co. v. South Texas Development Co., Tex.Civ. App., 142 S.W. 1191; Zanes v. Lyons, Tex. Civ.App., 36 S.W.2d 544. In the last case cited the court held that the appointment of a receiver ex parte without notice must

be based upon clear verified allegations of facts within the knowledge of affiant, such as could be accepted as competent evidence, and not based upon mere information and belief.

■ In the case at bar appellees, in an attempt to show justification of appointment of a receiver ex parte without notice, allege that they "verily believe" that appellant, Gayle Clawson, has sold and disposed of a considerable portion of the stock of goods; that they "further believe and allege" that he intends to continue to sell and dispose of such and that they "believe and fear" that the stock of goods will soon be sold and disposed of without alleging facts upon which they base their "beliefs and fears". In our opinion appellees have failed to allege sufficient facts to justify an appointment ex parte without notice, and they have likewise failed to show lack of any other remedy or the existence of any great emergency or stringent necessity for an immediate appointment that could not wait for notice to be given to appellants and a hearing held. If need be, the court could have maintained status quo by the use of a less harsh remedy until notice could have been given and a hearing held. For the reasons stated it is our opinion further that the trial court was not justified in appointing a receiver ex parte and without notice. We likewise cite the following cases: C. P. Oil Co. v. Shelton, Tex.Civ. App., 48 S.W.2d 509; City Nat. Bank v. Pigg, Tex.Civ.App., 63 S.W.2d 327.

Appellees assert, in effect, that the trial court's order does not attempt to dispossess appellant, Gayle Clawson of the property involved or oust him from possession thereof. However, such claims, although partially true in a sense, are not well founded. Under the provisions of the order, the said property is actually placed under the control of the court, with such limited powers and restricted duties imposed upon the receiver as to prohibit a normal operation of the business. The receiver is required to take the usual oath required of a receiver by law within five days, to execute within five days a good and sufficient bond in the sum of $30,000, and to file with the court within five days a sworn inventory of all of the said property. His sales are limited to "perishable merchandise, goods, supplies and materials" without directing who shall determine such perishable goods or how such shall be determined, and report such sales weekly and turn in all funds received. He is likewise required to preserve and safely keep all of the property, including the florist supplies not perishable, and to keep it all insured against hazardous loss. Under the court's order the receiver is deprived of a continuation of a normal business, is placed under a heavy bond, although required to account to the court for all property and to turn over to the treasury of the court each week the proceeds from the sale of any perishable goods, and to safely preserve and keep the property and see that it is insured without making any provisions for funds from the business with which to do these things.

Assuming appellees' limited verified pleadings are true, they present controversial issues that apparently could hardly have been satisfactorily determined without a hearing. It is alleged that appellants claim that the property in question was sold to satisfy a mortgage lien held by them against it but appellees contend that such claim of a mortgage lien is void and fraudulent as to them. It is likewise alleged that appellant, Gayle Clawson, contends he made a valid purchase of the property, clear and free of debt, and particularly free of any debt claimed by appellees, but appellees claim such is not true. Appellees likewise contend that the proceedings should be approved because appellants have not filed a motion to vacate or modify the court's order, or filed any pleading otherwise denying appellees' alleged cause of action when, in effect, appellees themselves set forth appellants' denial of appellees' alleged cause of action and showed a joinder of issues in their verified petition.

For all of the reasons stated appellees' motion to dismiss the appeal is overruled and the order appointing the receiver is set aside, reversed and the cause remanded.