MECHANICS UNIVERSAL JOINT DIVISION BORG-WARNER CORPORATION

*v.*

TALMADGE M. FOOSHEE AND INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT & AGRICULTURAL WORKERS OF AMERICA (U.A.W.-A.F.L.-C.I.O.), et al.

354 S. W. 2d 59.

(*Nashville,* December Term, 1961.)

Opinion filed February 8, 1962.

JOHN S. MONTEDONICO, DANIEL D. CANALE, Memphis, MONTEDONICO, BOONE, GILLILAND, HEISKELL & LOCH, Memphis, of counsel, for appellant.

ANTHONY J. SABELLA, Memphis, for appellees.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is a declaratory action to determine the rights of the parties under a collective bargaining agreement subsisting between the Company as employer, and the Union as the bargaining representative of certain company's employees, and the setting aside of an arbitrator's award of agreements involving the discharge of the grievant, submitted to the arbitrator under the terms and provisions of said agreement.

On September 9, 1960, when the grievant was discharged (services unsatisfactory), he was then and for some months prior thereto had been employed by the company in the capacity of assistant supervisor.

Under the agreement assistant supervisors were excluded.

The grievance attacking the discharge of this assistant supervisor was filed solely under and by virtue of the grievance procedure set forth and established in this collective bargaining agreement.

The arbitration award sought to be set aside in this action was authorized by the provisions of said collective bargaining agreement.

It appears that although assistant supervisors were excluded from the bargaining unit, the arbitrator found that he was entitled to certain benefits and rights provided in this collective bargaining agreement for members of the bargaining unit.

■ The Union demurred to the bill, which was sustained because the company participated in the grievance procedure and arbitration of this grievance as allegedly shown on the face of the original bill. It is estopped from here challenging the award of the arbitrator.

The bill did not show on its face any limitation or restriction of the power of the arbitrator to act upon the grievance, and the bill did not show the arbitrator exceeded his powers.

The judgment of the lower court sustaining the demurrer was for the reason that the collective bargaining agreement empowered, and authorized the arbitrator to rely upon the issues referred to him by the parties, and accordingly deprived this Court of jurisdiction to overrule the conclusions of the arbitrator.

The Chancellor sustained the third ground set forth in the demurrer that the bill did not show on its face that the arbitrator exceeded his powers conferred upon him by the collective bargaining agreement.

The Chancellor was of the opinion that since the agreement provided for arbitration, and the arbitrator having acted there was no appeal from his decision and there-

fore the Chancery Court had no jurisdiction. To this conclusion we agree.

■ The courts are without jurisdiction to review the merits of a grievance or arbitrator's award. *United Steelworkers of America v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

The ground of authority to the arbitrator in the present case is a very broad one.

We conclude that the arbitrator having been provided for by the bargaining agreement, his award is not subject to review by the courts and the decree of the Chancellor is affirmed, the effect of which was to restore Fooshee to his position.

BURNETT, FELTS, WHITE and DYER, JUSTICES, concur.