**GENERAL TRIMMING PRODUCTS, INC., et al., Appellants,**

v.

**S. C. NELSON & COMPANY, Inc., Appellee.**

No. 189.

Court of Civil Appeals of Texas.

Tyler.

Jan. 20, 1966.

Rehearing Denied Feb. 10, 1966.

Wm. Andress, Jr., Andress, Woodgate, Richards & Condos, Dallas, for appellants.

Dick P. Wood, Dallas, for appellee.

DUNAGAN, Chief Justice.

On October 5, 1962, the appellant, General Trimming Products, Ine., filed suit against G. W. Sparks and the S. C. Nelson & Company, Inc., alleging that General Trimming Products, Inc. had sold goods, wares and merchandise to Sparks for which he was indebted to it in the sum of $732.15 which he had failed to pay upon demand being made of him, also seeking to recover from Sparks $350.00 attorney's fees. The petition further alleged that Sparks had sold such merchandise to the Nelson Company without complying with the Bulk Sales Law.

On July 24, 1963, the plaintiff filed its first amended original petition wherein the same allegation was made as in its original petition. Insofar as the defendant Nelson is concerned, the following allegations were contained in the plaintiff's first amended original petition upon which this suit was ultimately tried and disposed of:

"After defendant Sparks had defaulted in the payment of said account to the plaintiff, he sold and transferred in bulk his stock of merchandise then being used by him in the conduct of his businesses otherwise than in the ordinary course of trade and the regular prosecution of his business, to the defendant S. C. Nelson, Inc., without complying with the bulk sales law of Texas, Article 4001. Plaintiff alleges that the amount of merchandise so transferred by Sparks to Nelson was a value in excess of $25,000.00 and that such transfer took place on or about 31 August 1962, and thereby defendant Nelson has become accountable to the plaintiff to the extent thereof for the full amount of its claim against the defendant Sparks.

"Plaintiff demands judgment against defendants for debt, interest, attorney's fees, costs, and all other proper relief."

Defendant, S. C. Nelson & Company, Inc., filed its answer and in addition to its

special exceptions and general denial, it alleged in paragraph 4 thereof:

"This Defendant respectfully pleads that the purchases which it made from G. W. Sparks were made in the ordinary course of trade and in the regular prosecution of its business without any intent *to hinder* or delay or defraud the Plaintiff, and without any knowledge, information or belief, at that time or previously thereto, that the said G. W. Sparks was indebted to the Plaintiff for any sum of money whatsoever."

There had been filed numerous suits on behalf of various creditors against G. W. Sparks and the appellee, S. C. Nelson & Company, Inc. On December 6, 1963, a motion was filed to consolidate these cases, and the cases were consolidated under No. 71909–B styled General Trimming Products, Inc., et al. v. G. W. Sparks, et al. by an order of the court on the 24th day of January, 1964. The cases so consolidated were:

No. 71909–B—General Trimming Products, Inc. v. G. W. Sparks, et al.

No. 71577–F/I—American Coated Fabrics Co. v. G. W. Sparks, et al.

No. 72086–C—Aro Top Sales Company v. G. W. Sparks, et al.

No. 72087–C—Globe Plastics Company v. G. W. Sparks, et al.

No. 72298–G—International Sampling, Inc. v. G. W. Sparks, et al.

Pursuant to a motion of the plaintiff, General Trimming Products, Inc., for partial summary judgment, the court on May 11, 1964, upon considering said motion found from the pleadings there was no genuine issue of any material fact between the plaintiff, General Trimming Products, Inc. and the defendant, G. W. Sparks, and that said plaintiff is entitled to its judgment and ordered, adjudged and decreed that the plaintiff, General Trimming Products, Inc., recover its partial summary judgment against the defendant, G. W. Sparks, for the sum of $732.15, with interest thereon at six per cent per annum from January 1, 1963, and $250.00 as reasonable attorney's fees, and all court costs.

On August 5, 1964, the appellants filed a motion for summary judgment against S. C. Nelson & Company, Inc., alleging that they hold an interlocutory judgment against the defendant, G. W. Sparks, on sworn account for goods, wares and merchandise sold and delivered, sought recovery against defendant Nelson for his purchase from Sparks of merchandise in bulk without complying with the Bulk Sales Law, and further alleging that the pleadings, depositions and admissions on file that there is no genuine issue as to any material fact and that they and the other plaintiff who was also a party to the motion for summary judgment are entitled to a judgment for full recovery upon such claim against said defendant Nelson as a matter of law.

On November 25, 1964, the court entered a summary judgment in which it found that the sale from Sparks to the S. C. Nelson & Company, Inc. for a sum in excess of $12,000.00 in August of 1962, was not in the ordinary course of business and violated the Bulk Sales Law. The judgment also authorized J. Alton Oakes and James A. Baker to sell for cash the merchandise remaining in possession of Nelson and listed on the inventory filed herein and make a report thereof to the court. The order to sell the remaining merchandise was agreed to by all parties.

The court ordered the S. C. Nelson Company to file an itemized inventory of merchandise still in its possession remaining from the merchandise purchased from G. W. Sparks in August of 1962, and authorized J. Alton Oakes and James A. Baker to sell said merchandise and report such sale to the court.

778

Subsequent to the purchase of the stock of merchandise by Nelson Company from Sparks, Nelson sold $794.00 worth of said stock before the first of the consolidated cases was filed against him, after which he kept the balance of the merchandise intact.

Thereafter, on December 7, 1964, the S. C. Nelson Company in these consolidated cases filed an itemized inventory of the merchandise still in its possession remaining from the merchandise which it had purchased from G. W. Sparks in August, 1962, and showed that it had sold out of such inventory merchandise worth the sum of $794.00. Such report showed that when the first suit was brought by the plaintiffs, that this merchandise was set aside and separated from all other merchandise owned by the S. C. Nelson & Company, Inc., and that the same had been stored in a separate place since the time of its original acquisition.

On February 3, 1965, J. Alton Oakes and James A. Baker, pursuant to the order of the trial court entered on November 25, 1964, reported to the court that the inventory of merchandise had been sold to the Pop Engle Auto Glass Company for the sum of $3,640.00 which was the best offer that they had been able to obtain for such merchandise. The report of sale further stated that according to the verified inventory filed herein that the S. C. Nelson Company sold and disposed of merchandise which it had acquired from the defendant Sparks prior to the institution of these consolidated suits, which merchandise had a cost of $794.00 and that the S. C. Nelson Company should be required to deposit the sum of $794.00 in the registry of this court, subject to further orders of this court.

On February 12, 1965, the court in the consolidated cases confirmed the sale of such merchandise, and the receivers, J. Alton Oakes and James A. Baker, were ordered to deposit the sum of $3,640.00 with the District Clerk of Dallas County, Texas.

On February 22, 1965, the sum of $3,640.00 was deposited with the District Clerk of Dallas County, Texas.

On March 2, 1965, the sum of $794.00 was deposited with the District Clerk of Dallas County, Texas, by the S. C. Nelson Company.

On March 29, 1965, the court rendered and signed a final judgment in the consolidated cause of action wherein it in part stated:

" * * * that the record conclusively shows that the defendant S. C. Nelson & Company, Inc., in August of 1962, purchased merchandise in bulk and not in the ordinary course of trade from the defendant G. W. Sparks, paying him for same the sum of $12,139.43 agreed to be 10% below his cost, without complying with the Bulk Sales Law out of which merchandise S. C. Nelson & Company, Inc., subsequently sold in the course of its business merchandise in the amount of $794.00, retaining the remainder thereof on hand until it was sold in January of 1965 under an agreed order of Court for the sum of $3640.00 which was the best price then obtainable for it, and that the aggregate amount of $4434.00 has been deposited in the registry of the Court; and the Court being of the opinion that the said sum should be distributed pro rata among the plaintiffs who are judgment creditors of G. W. Sparks and the only ones who have established any claim thereon, and that there is no personal liability on the defendant S. C. Nelson & Company, Inc., for any amount in excess of the actual selling price of said merchandise; and it further appearing to the Court that the aggregate amount of the judgments of the various plaintiffs against the defendant G. W. Sparks is $11,964.60, and that the sum deposited in the registry of the Court in the amount of $4434.00 is sufficient to pay 37.15% of said principal amount of said judgments, without interest, or attorney's fees, and should be so applied; * * *"

The judgment further ordered and decreed that the interlocutory judgment heretofore rendered herein against the defendant, G. W. Sparks in favor of Aetna Coated Fabrics, Inc., American Coated Fabrics Company, General Trimming Products, Inc., Aro Top Sales Company, Inc., Wintex, Inc., Globe Plastics Company and Walter E. Heller & Company be made final.

It was further ordered, adjudged and decreed in said judgment that the plaintiffs shall receive and credit upon said judgment their pro rata share of the sums heretofore deposited in the registry of the court and the Clerk of this court is instructed to deliver checks in the following amount payable to the plaintiffs or their attorneys of record as follows:

For Aetna Coated Fabrics, Inc., $567.27; for American Coated Fabrics Company, $1,448.85; for General Trimming Products, Inc., $271.93; for Aro Top Sales Company, Inc., $394.16; for Wintex, Inc., $486.66; for Globe Plastics Company, $413.51; and for Walter E. Heller & Company, $851.47.

It was further ordered, adjudged and decreed that the plaintiffs take nothing further against the defendant, S. C. Nelson & Company, Inc., in excess of the deposit in the registry of the court and the costs hereof; to which portion of the judgment the plaintiffs individually excepted and gave notice of appeal and having perfected said appeal, the case is now before this court for its review of the judgment of March 29, 1965.

As the pleadings above set out reflect, the appellants brought this action against G. W. Sparks and the S. C. Nelson & Company, Inc., for sale allegedly being in violation of the Bulk Sales Law. The appellants are attempting to recover from the Nelson Company not only the full amount which such merchandise brought in the sale under the orders of the court, but the full amount of Sparks' debt to the various plaintiffs. Further, appellants seek a personal judgment against the Nelson Company for the full amount of all the debts owed General Trimming Products, Inc. by Sparks.

Article 4001 (the Bulk Sales Law) specially provides the requisites necessary for the sale of the stock of merchandise and further provides that:

"Any purchaser or transferee who shall not conform to the provisions of this law shall, upon application of any of the creditors of the seller or transferor become a receiver, and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer."

The appellants say:

"There is only one question involved in this case—the proper measure of damages for the stock of merchandise acquired by the appellee Nelson without complying with the Bulk Sales Law."

The question being: Is the measure of damages the value in August of 1962 at the time of the sale of the merchandise from Sparks to Nelson or January, 1965, at the time of the sale of said merchandise under the order of the court?

The appellants bring forward one Point of Error which reads:

"The measure of damages to Sparks' creditors for Nelson's conversion of the merchandise acquired from Sparks without compliance with the Bulk Sales Law was its market value at the time of such acquisition and conversion."

It is the position of the appellants that when Nelson acquired this merchandise without complying with the Bulk Sales Law, it remained subject to the rights of the creditors and that Nelson's liability was that of a receiver; when Nelson took this merchandise in stock and made sales from it, claimed the ownership, and denied any rights of creditors, that Nelson thereby converted the property; and that the measure

of damages for conversion is the value of the property at the time of the conversion, which was substantially the date of acquisition.

A review of the plaintiffs' original petition and their first amended original petition upon which the case went to trial does not contain any allegation that the defendant, S. C. Nelson & Company, Inc., converted merchandise belonging to the plaintiffs, or put it beyond the plaintiffs' reach, or in any manner converted the goods, wares and merchandise sued upon herein. There being no pleadings filed by the appellants of any conversion on the part of the S. C. Nelson Company, the appellants cannot raise this issue for the first time on appeal.

26 Tex.Jur.2d, pages 508 and 509, Sections 215 and 216, provides:

"215. A sale in contravention of the Bulk Sales Law leaves the title, as to the creditors, still in the debtor. The creditors therefore may reach such property by any appropriate process, such as attachment, execution, or garnishment. Even though the purchaser pays full value and resells the merchandise, the proceeds are regarded as a trust fund that the creditors may reach by writ of garnishment proceedings. However, no creditor can derive a superior right by instituting garnishment proceedings. All creditors should share pro rata in the goods, wares, and merchandise transferred in trust to the purchaser, or in their value.

"216. The Bulk Sales Law provides that any purchaser or transferee who does not conform to the law, on application of any of the creditors of the seller or transferor, becomes a receiver, and is held accountable to such creditors for all goods, wares, merchandise, and fixtures that have come into his possession by virtue of such a sale or transfer. * * *"

In the case of Lingner v. Haley, 277 S.W. 2d 302 (Tex.Civ.App.) 1954, writ dismissed, we find the following statement:

"Article 4001 provides in part that:

'Any purchaser or transferee who shall not conform to the provisions of this law, upon application of any of the creditors of the seller or transferor become a receiver, * * *.'

"By 'application' as therein used is meant a formal application made to a court of competent jurisdiction, containing allegations of the material facts as to the transactions involved, sufficient to invoke the equitable powers of the court, and to apprise the court and the purchaser of a desire to have the receivership declared and the matter adjudicated as between the purchaser and the various creditors in accordance with the rules usually governing in ordinary receivership proceedings. Gardner v. Goodner Wholesale Grocery Co., 113 Tex. 423, 256 S.W. 911; 20 Tex.Jur. 574, Section 220. Since the bulk sales law, Article 4001, makes no provisions for rules of procedure upon the filing of an application for a receivership under its terms, Article 2319 and other provisions of the statute governing such matters are usually followed for guidance. Settegast v. Second Nat. Bank, 126 Tex. 330, 87 S.W.2d 1070, 102 A.L.R. 680; Southwestern Drug Corporation v. McKesson & Robbins, 141 Tex. 284, 172 S.W.2d 485, 155 A.L.R. 1056."

The court further stated:

"In the case at bar the trial court predicated its acts upon the provisions of other receivership statutes in requiring the receiver to take an oath, execute a bond and in directing him to perform other certain duties as such receiver. Statutes which deal with the same general subject and have the same general purpose, whether it be receiverships or otherwise, are considered as 'in pari

materia' and must be harmonized, if possible, and construed so as not to destroy the effect of either. 39 Tex. Jur. 253–257, Section 135. For the reasons stated it is our opinion that the trial court was not and could not have been 'controlled and governed solely by Article 4001 of the bulk sales law' since the said Article makes no provision under its terms for procedure upon the filing of a petition for receivership and for adjudicating the matters therein presented. Under the authorities cited the trial court must resort to other provisions of the statute, or to rules of equity not inconsistent with the statute, for determining such matters when a petition has been filed under the bulk sales law seeking a receivership.

"Under the authorities previously cited construing the bulk sales law, an application for a receivership must allege sufficient material facts concerning the transaction involved to invoke the equitable powers of the court and to apprise the court and the purchaser of a desire to have the receivership declared and the matters presented adjudicated as between the purchaser and the creditors in accordance with the usual rules governing an ordinary receivership proceedings. The right to the appointment of a receiver after notice and hearing, is a matter distinctly different from the right to an appointment ex parte and without notice. The right to a day in court, of notice, and of the privilege of being heard before judgment, is of the very essence of due process of law. * * *"

Another case which is in point on this subject is Phillips v. Cargill, 131 S.W.2d 775, (Tex.Civ.App.) 1939, n. w. h., which construed the pleadings that are similar to the ones in this case in which the court said:

"For ground of relief against defendant Claud Phillips plaintiff's petition is as follows: 'Plaintiff would further show to the Court that while indebted to this plaintiff, the defendant J. P. Phillips moved his stock of merchandise into a store owned by Claud Phillips, and being in the City of Longview, Gregg County, Texas, and mixed and mingled the stock of J. P. Phillips with that of Claud Phillips and that the said defendants then and there violated the Bulk Sales Law and rendered the stock and assets of the said Claud Phillips liable for the rentals and damages due to the plaintiff herein by the said J. P. Phillips.' This allegation as to Claud Phillips above quoted is the only allegation attempting to state a cause of action against him. Article 4001, Revised Civil Statutes 1925, is in part as follows: 'The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor.' The statute further provides that the sale be void unless the conditions therein set forth be complied with. Said section further provides: 'Any purchaser or transferee who shall not conform to the provisions of this law shall, upon application of any of the creditors of the seller or transferor become a receiver, and be held accountable to such creditors for all goods, wares, merchandise and fixtures that have come into his possession by virtue of such sale or transfer.'

"Even though it be conceded that said paragraph pleads a sale or transfer in violation of the Bulk Sales Law, we are of the opinion that the allegation is insufficient to support proof of the value of the goods transferred. It is further fatally defective, in that it fails to allege that plaintiff is the only creditor of J. P. Phillips, and does not seek to have defendant Claud Phillips held as

a receiver. Article 4001 does not provide for personal liability of the purchaser or transferee beyond the value of the property received. * * *"

The Commission of Appeals of Texas in Fischer v. Rio Tire Company, Tex.Com. App., 65 S.W.2d 751, 1933, in reference to Article 4001 and 4002 stated:

"The foregoing articles have been construed by the courts of this state, and the rule has been announced that, where there has been no effort made to comply with the foregoing act, the liability of the purchaser thereof is expressed in the following language:

" 'The liability of a purchaser of a stock of goods and fixtures in violation of the Bulk Sales Law is that of a receiver. Having taken the property subject to the rights of creditors, he becomes bound in equity to see that the property or its value is appropriated to the satisfaction of claims of the creditors of his seller. He becomes the trustee of an express trust, and is subject to the same duties and liabilities of such a trustee. We think the law was intended to charge him with liability, however, only to the extent of the value of the property received by him, and this liability is to all of the creditors pro rata. As aptly stated by the Supreme Court of Arkansas in the case of Stuart v. Elk Horn Bank & Trust Co., 123 Ark. 285, 185 S.W. 263, Ann.Cas. 1918A, 268:

" 'The Bulk Sales Act does not make the person who fails to comply with its provisions liable for all the debts of the seller. It treats the sale as being void and the purchaser as being a receiver and his possession as being for the benefit of all the creditors. He is like any other receiver so far as his liability is concerned. He is responsible for the property purchased, but for that only. If he gets enough property to pay all the debts, he must pay them all. If the property is not sufficient for that

purpose, he must pay the creditors pro rata as any other receiver would do.' "

In the case at bar the appellants did not file any pleadings seeking the appointment of a receiver. Their only action was the suit asserting joint liability against both Sparks and Nelson. The ground of recovery against Nelson was that he bought the stock of merchandise from Sparks without complying with the Bulk Sales Law of Texas, Article 4001.

In this case the trial court, upon entering a summary judgment for the plaintiffs, found that the Nelson Company, appellee, had violated the Bulk Sales Law and ordered the appellee to account for the property which had come into its hands.

The Nelson Company promptly filed an itemized inventory of merchandise remaining in its possession purchased from Sparks in August, 1962. The merchandise was sold under orders of the court and the court confirmed the sale of the merchandise and ordered the proceeds of such sale deposited in the registry of the court. The report of the sale by Oakes and Baker showed "that according to the verified inventory filed herein that the S. C. Nelson Company sold and disposed of merchandise which it had acquired from the defendant Sparks prior to the institution of these consolidated suits, which merchandise had a cost of $794.00 and that the S. C. Nelson Company should be required to deposit the sum of $794.00 in the Registry of this Court, subject to further orders of this Court." In this instance $794.00 worth of the property had been transferred by the Nelson Company and placed beyond the reach of the creditors, and the court ordered this amount paid by the Nelson Company into the registry of the court, which was done.

A case in which a creditor sought to hold a purchaser who violated the Bulk Sales Law personally liable is that of Gardner v. Goodner Wholesale Grocery Co., supra, in which the court held:

"It will be noticed the statute provides that, when a sale is void as against the creditors, the purchaser shall, 'upon application of any of the creditors,' become a receiver and be held accountable to the creditors for the property coming into his possession by virtue of the sale. By 'application' we think is meant a formal application to a court of competent jurisdiction, containing allegations of the material facts as to the transaction involved, sufficient to invoke the equitable powers of the court, and to apprise the court and the purchaser of a desire to have the receivership declared and the matter adjudicated as between the purchaser and the various creditors, in accordance with the rules usually governing in an ordinary receivership proceeding. * * *

"Having jurisdiction of the cause and of the parties, the trial court, under proper proceedings, was authorized to require the purchaser to submit an accounting as to all of the property coming into his possession by virtue of the transfer. If the property had been disposed of, such an accounting should necessarily include information as to its value at the time.it was received, as well as the amount received by him for the property disposed of. * * * If any property received by the purchaser by virtue of the transfer remained in his possession, the court would be authorized to order its sale. The court should then give notice to all creditors to file and prove their claims, as in an ordinary receivership proceeding, barring such claims as might not be filed within a given time. * * *"

The Gardner case was followed by the Supreme Court in Settegast v. Second Nat. Bank, 126 Tex. 330, 87 S.W.2d 1070, 102 A.L.R. 680. See also Reynolds v. Groce-Wearden Co., 250 S.W.2d 749, (Tex.Civ. App.) 1952, writ refused; Hobart Mfg. Co. v. Joyce & Mitchell, 4 S.W.2d 185, (Tex.Civ.

App.) 1928, n. w. h.; and Southwestern Drug Corporation v. McKesson & Robbins, 141 Tex. 284, 172 S.W.2d 485, 155 A.L.R. 1056, (S.Ct.).

■ We recognize the rule of law that a trustee who disposes of or converts to his own use trust property, placing it beyond the reach of the creditors, will be held personally liable therefor. Gardner v. Goodner Wholesale Grocery Co., supra; Fischer v. Rio Tire Company, supra.

■ However, the appellants do not: (1) allege a conversion on the part of the Nelson Company or that Nelson placed the merchandise beyond the reach of the creditors; (2) do not seek an accounting from the Nelson Company; (3) do not seek the appointment of a receiver of the goods, wares and merchandise; (4) do not allege that the sale from Sparks to Nelson was void; and (5) do not allege that by purchasing such goods, wares and merchandise that the S. C. Nelson Company became a trustee or receiver for the creditors of Sparks.

Moreover, the record shows that the merchandise was not placed beyond the reach of the creditors except the portion of the stock of merchandise Nelson sold prior to the filing of the first of the consolidated suits, the cost of which was established to be the sum of $794.00. This amount was deposited in the registry of the court as was the sum of $3,640.00 received from the sale of the merchandise remaining in possession of the Nelson Company, being an aggregate sum of $4,434.00 which the court in its final judgment ordered distributed pro rata among the plaintiffs who were judgment creditors of defendant, G. W. Sparks, they being the only ones who had established any claim thereon.

Applying the law as above cited to the pleadings and record in this case, we think the trial court's judgment should be affirmed.

Judgment affirmed.