

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 26, 1972

Honorable Bob Bullock
Office of the Secretary of State
State Capitol Building
Austin, Texas 78711

Attention: Donald W. Ray
Legal Counsel

Opinion No. M-1179

Re: Is the office automatically vacated if the notary public, appointed in the county of his residence, subsequently removes his residence to another county while continuing to maintain his principal place of employment or business in the county for which he received his appointment?

Dear Sir:

In your recent request you asked for an opinion from this office on the following question:

> If a person is appointed as notary public in the county of his residence and later moves his residence to another county but continues to maintain his principal place of business or employment in the county for which he was appointed notary public, is his office automatically vacated?

Several articles govern the office of notary public. Two articles pertinent to your question are Articles 5949 and 5958, Vernon's Civil Statutes.

Article 5949, Section 2, as last amended in 1969, reads in part:

> "To be eligible for appointment as Notary Public for any county, a person shall be a resident citizen of this state and at least twenty-one (21) years of age, and either a resident of the county for which he is appointed, or shall maintain his principal place of business or of employment in such county; provided that any person may be appointed, as hereinabove set out, in only one county in this state at the same time; . . ." (Emphasis added.)

Article 5949, Section 6, also last amended in 1969, reads in part:

"Any qualified Notary Public whose term is expiring may be reappointed by the Secretary of State without the necessity of the county clerk resubmitting his name to the Secretary of State, provided such appointment is made in sufficient time for such Notary Public to be qualified on the expiration date of the term for which he is then serving; and provided that if any such Notary Public has removed his residence, or his principal place of business or employment, to a county or counties other than the one for which he has been appointed, his office in such county or counties shall be automatically vacated and if he desires to act as a Notary Public in such other county or counties, his commission in such county or counties shall be surrendered to the Secretary of State and his name shall be submitted by the clerk of such county or counties as hereinabove provided."   (Emphasis added.)

In addition Article 5958, which was enacted several years prior to 1969, states:

"Whenever any notary public shall remove permanently from the county for which he was appointed, or an ex officio notary public from his precinct, his office shall thereupon be deemed vacant."   (Emphasis added.)

One rule of statutory construction or interpretation is that statutes dealing with the same subject are considered to be in pari materia even though they were enacted in different sessions of the Legislature and do not refer to each other. Buford v. State, 322 S.W.2d 366 (Tex.Civ.App. 1959, error ref. n.r.e.); Rosebud Independent School Dist. v. Richardson, 2 S.W.2d 513 (Tex.Civ.App. 1928); Lingner v. Haly, 277 S.W.2d 302 (Tex.Civ.App. 1954, error dism. w.o.j.); State v. Dyer, 145 Tex. 586, 200 S.W.2d 813 (1947).

To determine legislative intent and to properly construe the statutes involved, all of the acts in pari materia should be read together to harmonize any conflict between their provisions so that the acts, if possible, can stand together. Hunter v. Whiteaker and Washington, 230 S.W. 1096 (Tex.Civ.App. 1921);

Hurt v. Oak Downs, Inc., 85 S.W.2d 294 (Tex.Civ.App. 1935); Roby v. Hawthorne, 84 S.W.2d 1108 (Tex.Civ.App. 1935); Goldman v. State, 277 S.W.2d 217 (Tex.Civ.App. 1954, error ref. n.r.e.); Townsend v. Terrell, 118 Tex. 463, 16 S.W.2d 1063 (1929).

When an existing statute is amended, it is to be construed, if possible, in harmony with existing law on the same subject. Shipley v. Floydada Independent School Dist., 250 S.W. 159 (Tex.Comm.App. 1923); Cole v. State, 106 Tex. 472, 170 S.W. 1036 (1914); Schlicting v. Texas State Bd. of Medical Examiners, 158 Tex. 279, 310 S.W.2d 557 (1958).

Applying the rules of construction to the statutes involved, Sections 2 and 6 of Article 5949 can be harmonized with Article 5958. As a result it is our opinion that one who is appointed a notary public in the county of his residence, or of his place of business or of his employment, and continues to meet any one of these statutory bases after his original appointment in that county, regardless of which one or more of these was the basis of that appointment, has not "permanently removed" himself so as to create an automatic vacancy in the office of notary public under Article 5958.

Although Section 10 of Article 5949 empowers the Secretary of State to make necessary rules and regulations to carry out the act, a check with that office indicates no administrative policy or rules or regulations have ever been established. It is assumed by that office, unless otherwise indicated, that the basis of an application for a notary's commission is the applicant's residence. However, it is not always possible to tell from the current application form just what basis the applicant is using. There is a simple statement at the bottom of the application, to which the applicant agrees by signing his application, that he will notify the Secretary of State and the county clerk of "any change of address." There are no statutory provisions to this effect nor are there any provisions for investigation or a penalty of any kind. Article 5949, Section 5, does provide that the Secretary of State may, "for good cause, reject any application or revoke the commission of any Notary Public", but he cannot do so without the proper safeguards of due process which are also included in Article 5949, Section 5.

To summarize, one who is a notary and continues to meet any one of the three statutory requirements has not "permanently removed" himself.

## S U M M A R Y

One who is appointed a notary public in the county of his residence, or of his place of business, or of his employment, and continues to meet any one of these statutory bases after his original appointment, regardless of the basis of that appointment, has not "permanently removed" himself so as to create an automatic vacancy in his office.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Linda Neeley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Jack Goodman
Jim Swearingen
James Hackney
Scott Garrison

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant