

# The Attorney General of Texas

August 31, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

701 Texas, Suite 700
.ouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles Evans
Chairman
Committee on House Administration
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-199

Re: Statutory regulation of a
water district's construction
contracts

Dear Representative Evans:

You have asked the following questions:

> 1. Is there any reason under case law or the
> statutes or constitution why section 51.146 of the
> Texas Water Code does not require the Tarrant
> County Water Control and Improvement District
> Number One to retain ten percent of the estimated
> amount of any construction contract covered by
> section 51.146 until at least fifty percent of the
> work has been completed satisfactorily?

> 2. Does article 6252-5b in any manner relieve
> the district of its obligations under section
> 51.146 of the Texas Water Code?

We know of no reason why the district in question is not required
by section 51.146 of the Water Code to retain ten percent of the
estimated amount of a construction contract until at least 50 percent
of the work has been completed satisfactorily. We believe that
article 6252-5b does not relieve the district of its obligations under
section 51.146.

The Tarrant County Water Control and Improvement District Number
One is created under the provisions now codified as chapter 51 of the
Texas Water Code and pursuant to article XVI, section 59 of the Texas
Constitution. Accordingly, since 1971, the construction contracts of
the district have been governed by chapter 898 of the Sixty-second
Legislature, which was codified as section 51.146 of the Water Code in
1973. Section 51.146 reads, in pertinent part, as follows:

§51.146.   Payments Under Construction Contract

(a)  The district shall pay the contract price of such contracts as hereinafter provided.

. . . .

(c)  In making such progress payments, there shall be retained 10 percent of the estimated amount until final completion and acceptance of the contract work.  However, if the directors, at any time after 50 percent of the work has been completed, find that satisfactory progress is being made, they may authorize any of the remaining progress payments to be made in full.

In 1981, the legislature enacted article 6252-5b, V.T.C.S., which requires that retainage in contracts between a governmental entity and a prime contractor be deposited in an interest bearing account for the benefit of the contractor.  The Tarrant County Water Control and Improvement District Number One is a governmental entity within the meaning of the act. Sec. 1(A).  Retainage under the act is the part of a contract payment withheld by a governmental entity to secure performance of the contract.  Sec. 1(D).

Section 2 of the act provides that

[in]  any contract providing for retainage of greater than five percent of periodic contract payments, the governmental entity shall deposit the retainage in an interest-bearing account, and interest earned on such retainage funds shall be paid to the prime contractor upon completion of the contract.

It is a well settled rule of statutory construction that statutes dealing with the same general subject are considered in pari materia though they contain no reference to each other and were enacted at different sessions of the legislature.  C.A. Dunham Co. v. McKee, 57 S.W.2d 1132, 1135 (Tex. Civ. App. - El Paso 1933, writ ref'd).  It also is well settled that statutes in pari materia are to be read and construed together in arriving at the intention of the legislature and must be harmonized, if possible, so as not to destroy the effect of either statute.  Calvert v. Fort Worth National Bank, 356 S.W.2d 918, 921 (Tex. 1962); Lingner v. Haley, 277 S.W.2d 302, 306 (Tex. Civ. App. - Amarillo 1954, writ dismissed).  We believe that section 51.146 and article 6252-5b are not in conflict with each other.  When read together, section 51.146 mandates that the water control and

improvement district retain ten percent of the estimated amount of a construction contract until final completion and acceptance of the contract work, or until at least fifty percent of the work of the project is complete and the directors, on determining that progress is satisfactory, authorize payment to be made in full, and article 6252-5b requires that the retainage prescribed by section 51.146 be deposited in an interest bearing account with both the retained amount and the interest earned on that amount to be paid to the contractor.

Section 3 of article 6252-5b excepts from its provisions a contract executed before August 31, 1981, a contract with a price estimated to be less than $400,000, a contract by the State Department of Highways and Public Transportation, and, until June 1, 1983, a contract by a political subdivision funded by certain bonds pursuant to sections 49-c, 49-d, or 49-d-1 of article III of the Texas Constitution or pursuant to chapter 54 of the Texas Water Code. Except for a contract in an amount less than $400,000, none of those exceptions in article 6252-5b applies to currently executed contracts of a water development and improvement district created under chapter 51 of the Water Code and article XVI, section 59 of the constitution.

A brief submitted with your questions also discusses whether the district should deposit the funds withheld in accordance with section 51.146 in an interest bearing account that segregates those funds from other funds of the district. As introduced, House Bill No. 1815 of the Sixty-seventh Legislature, which enacted article 6252-5b, would have required that the retainage in question be deposited in a state or national bank, savings and loan association, or credit union pursuant to a trust agreement which designated the financial institution to serve as escrow agent and to invest the retainage in the manner prescribed by the original bill. As finally passed, House Bill No. 1815 requires only that the governmental entity "deposit the retainage in an interest-bearing account." We believe that if the legislature intended that the retained funds be deposited in a separate interest bearing account that segregates the retainage from other funds of the district, the legislature would have said so. The courts frequently have quoted the statement that "if parliament does not mean what it says, it must say so." Railroad Commission of Texas v. Miller, 434 S.W.2d 670, 672 (Tex. 1968); Brazos River Authority v. City of Graham, 354 S.W.2d 99, 109 (Tex. 1961). We conclude that a district that deposits funds withheld pursuant to section 51.146 with the district's other funds in an interest bearing account complies with the plain language of section 2, article 6252-5b.

## S U M M A R Y

Construction contracts of water control and improvement districts are governed by both the provisions of section 51.146 of the Texas Water

Code, which specifies the retainage of funds in construction contracts, and the provisions of article 6252-5b, V.T.C.S., which requires that such retained funds be deposited in an interest bearing account, with the interest earned on the retained funds to be paid to the contractor on completion of the contract.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton