

# THE ATTORNEY GENERAL
## OF TEXAS

March 12, 1978

JIM MATTOX
ATTORNEY GENERAL

Honorable Mark H. Dettman          Opinion No. JM-643
Midland County Attorney
P. O. Box 2559                     Re: Liability of a county for
Midland, Texas    79702            medical care of indigent inmates
                                   of a county jail

Dear Mr. Dettman:

You inquire about liability for medical treatment for nonresident indigent prisoners incarcerated in the Midland County jail. Specifically, you ask whether the term "welfare patient" as used in the act creating the Midland County Hospital District includes nonresident indigent prisoners incarcerated in the county jail when the prisoners' residences are in areas not served by a hospital district. We conclude that responsibility for medical treatment for a "welfare patient" incarcerated in the county jail whose residence is not within a hospital district is determined by article 104.002 of the Code of Criminal Procedure.

The Midland County Hospital District is created under authority of article IX, section 9, of the Texas Constitution, by chapter 112, Sixty-fifth Legislature, 1977. See V.T.C.S. art. 4494q. The district includes all of Midland County. Section 19 of that act provides principally for liability for care and treatment of a patient residing within that hospital district who has been admitted to the district's facilities. It also contains the following provision:

> If a welfare patient is admitted to the district's facilities and is not a resident of the district, the district may seek reimbursement from the county of the residency of the patient and may sue for reimbursement.

Acts 1977, 65th Leg., ch. 112, §19, at 242.

The section-by-section analysis of the bill creating the Midland County Hospital District includes the following analysis of section 19:

> Section 19. Board to inquire into patient's ability to pay with recourse as well to relatives. Inability to pay will cause the patient to become a charge on the District. Disputes, hearings, appeals. Board may seek reimbursement from

indigents home county (indigent defined as welfare patient). May sue.

See Bill Analysis to S.B. No. 1210 prepared for House Committee on Intergovernmental Affairs, filed in Bill File to S.B. No. 1210, Legislative Reference Library. Hence, it seems clear that the legislature intends "welfare patient" in that act to be synonymous with "indigent patient."

Expenses for prisoners confined in a county jail are the subject of article 104.002 of the Code of Criminal Procedure, which provides that:

> (a) Except as otherwise provided by this article, a county is liable for all expenses incurred in the safekeeping of prisoners confined in the county jail or kept under guard by the county. If a prisoner is transferred to a county from another county on a change of venue, for safekeeping, or for a habeas corpus hearing, the county transferring the prisoner is liable for the expenses described by this article.

Article 104.002 is a recodification of several procedural statutes, including articles 1037 and 1040 of the Code of Criminal Procedure (Vernon 1925), which governed the liability of a county for the medical care and treatment of indigent prisoners. Article 1037 provided that:

> Each County shall be liable for all expenses incurred on account of the safe keeping of prisoners confined in jail or kept under guard, except prisoners brought from another county for safe keeping, or on habeas corpus or change of venue; in which cases, the county from which the prisoner is brought shall be liable for the expense of his safe keeping. (Emphasis added).

Article 1040 provided in part as follows:

> For the safekeeping, support and maintenance of prisoners confined in jail or under guard, the sheriff shall be allowed the following charges:
>
> . . . .
>
> 3. For necessary medical bill and reasonable extra compensation for attention to a prisoner during sickness, such an amount as the commissioners court of the county where the prisoner is confined may determine to be just and proper. (Emphasis added).

L

Article IX, section 9, of the Texas Constitution, under which the Midland County Hospital Authority is created, provides, in part, that a hospital district created thereunder

> shall assume full responsibility for providing medical and hospital care for its needy inhabitants. . . .

On several occasions, this office has considered the liability of a county for medical services provided to indigent persons incarcerated in county jails when the person is a resident of a hospital district. Those opinions concluded that the hospital district of which an indigent prisoner is a resident, rather than the county of incarceration, is liable for the medical care and treatment of an indigent prisoner. See Attorney General Opinions JM-487 (1986); H-703 (1975); M-870 (1971). The rationale for that conclusion is that articles 1037 and 1040 of the Code of Criminal Procedure must yield to the express broad language in article IX, section 9, of the Texas Constitution.

Subject to constitutional provisions, the liability for care and treatment of indigent persons and indigent prisoners is now governed by article 104.002 of the Code of Criminal Procedure and the Indigent Health Care and Treatment Act, codified as article 4438f, V.T.C.S. Under the Indigent Health Care Act, (1) a county is liable for health care assistance of its eligible residents who do not reside in an area served by a public hospital or hospital district, (2) a public hospital is responsible for health care assistance to eligible residents of the area served by the hospital, and (3) a hospital district is liable for health care services as provided by the Texas Constitution and the statute creating the hospital district.

The Indigent Health Care Act does not expressly amend or repeal any part of articles 1037 and 1040. A repeal of statutes by implication is never favored or presumed. It has long been well established that a repeal by implication will be adjudged only if that result is inevitable or is plainly intended by the legislature. See Texas & N.O. Railway Co. v. Kelso Building Material Co., 250 S.W.2d 426, 430 (Tex. Civ. App. - Galveston 1952, writ ref'd n.r.e.); Berry v. State, 156 S.W. 626, 635 (Tex. Crim. App. 1913); Parshall v. State, 138 S.W. 759, 765 (Tex. Crim. App. 1911). Statutes which deal with the same general subject and have the same general purpose are considered as in para materia and must be construed together and harmonized, if possible, so as to give effect to both statutes, with a special statute governing a general statute in the event of any conflict. See Lingner v. Haley, 277 S.W.2d 302, 306 (Tex. Civ. App. - Amarillo 1954, writ dism'd); Hines v. State, 515 S.W.2d 670, 675 (Tex. Crim. App. 1974).

The Indigent Health Care Act, article 4438f, is a broad statute providing for the expenses of health care for indigent persons in general. Article 104.002 of the Code of Criminal Procedure deals specifically with expenses incurred in the safekeeping of prisoners

confined in a county jail.  A general law will not ordinarily be held to have repealed by implication a particular or special law although both relate to the same subject.  The more particular law usually is construed as constituting an exception to the general law.  American Canal Co. of Texas v. Dow Chemical Co., 380 S.W.2d 662, 666 (Tex. Civ. App. - Houston 1964, writ dism'd).

We conclude that article 104.002, which provides that the county of incarceration is liable for all expenses including medical care of an indigent prisoner, constitutes an exception to the Indigent Health Care Act for an indigent person who is not a resident of a hospital district.  It follows that the provision of the Midland County Hospital District Act which authorizes the hospital district to sue for reimbursement from the county of residence of an indigent patient who is not a resident of the Midland County Hospital District is not applicable to an indigent prisoner in the Midland County jail whose residence is in an area not within a hospital district and, hence, not governed by article IX, section 9, of the Texas Constitution.

### S U M M A R Y

Medical care and treatment for a nonresident indigent prisoner in a county jail who is a resident of an area within a hospital district is the responsibility of the hospital district, as provided by article IX, section 9, of the Texas Constitution.  Medical care and treatment for a nonresident indigent prisoner in a county jail whose residence is not within a hospital district is the responsibility of the county of incarceration, as provided by article 104.002 of the Code of Criminal Procedure.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General